THE TRUSTEES OF THE WILSON COLLEGIATE INSTITUTE *vs.* JOHN VAN HORNE, clerk of Niagara Co.

The fees of county clerks for searching and certifying the title of and incumbrances upon real estate, are such as are allowed by the act of 1840, (*Stat. p.* 290, § 13,) and not those prescribed by the revised statutes.(*a*)

APPEAL from the taxation of a bill of the fees of a county clerk. The appellants, in January, 1846, requested the clerk of Niagara county to examine and certify the title to and the in-

(*a*) The act of 1840 referred to, is entitled " An act to reduce the expense of foreclosing mortgages in the court of chancery," and all its provisions, except the last section, upon which the question arose, relate to the foreclosure of mortgages. It has hence been sometimes supposed that the searches for which fees are prescribed in that section, were such only as were directed for the purpose of instituting suits for foreclosure. This case shews the provision to be a general one.

cumbrances upon a lot of land lying in that county. He accordingly made a search and certificate. By the latter, it appeared that he had examined the records of deeds and mortgages, including mortgages to the commissioners of loans, from November 1833, to the date of the certificate, and had found only a deed, a mortgage, and a sheriff's certificate of a sale on execution, affecting the premises, of which abstracts were given; that he had examined the dockets of judgments for two years, for judgments against one person named, and for ten years against another, and found none; and that he had examined the files of sheriff's certificates, of notices of *lis pendens*, of certificates of officers of mutual insurance companies, the index of miscellaneous records, and the docket of collector's bonds, and had found nothing affecting the premises. The sum charged and taxed in gross for these services was $6,05, but the bill did not specify any items.

*M. T. Reynolds*, for the appellants, insisted that the clerk's fees for searching and certifying title and incumbrances, were regulated by the act of 1840, (*Stat. p.* 290, § 13,) and not by the revised statutes.

*N. Hill, Jr.* for the clerk.

*By the Court*, JEWETT, J. If the fees for all the services rendered by the clerk in this case were taxed according to the provisions of the revised statutes, the amount would be less than the sum which has been taxed. But the act of 1840 has provided a different rate of compensation for a portion of them, by declaring that the clerks of counties &c. " shall charge and receive for searching and certifying the title of and incumbrances upon real estate, ten cents for each conveyance and incumbrance certified by him, instead of fees now allowed by law, provided that such fees shall in no case amount to less than fifty cents, nor more than five dollars." (*Stat.* 1840, *p.* 290, § 13.) Another act passed at the same session prescribes the fees to be taken by county clerks for searching the dockets of judgments and de-

crees, viz: for five years or less, including the transcript and certificate, twenty-five cents, (*Id. p.* 335, § 33,) and the fortieth section of the same statute repeals so much of the thirtieth section of the title of the revised statutes prescribing the fees of certain officers, as relates to the fees of the clerks of the court of common pleas. (*Id. p.* 336; 2 *R. S.* 639.) But the legislature, in 1844, repealed the above mentioned thirty-third section of the act of 1840, which leaves the fees of the county clerks for searching the dockets of judgments, to be reckoned according to the thirtieth section of the revised statutes above referred to. (*Stat.* 1844, *p.* 92, § 8.)

The fees which should have been taxed in this case are: for searching and certifying the title and incumbrances, four conveyances, &c. only being certified, according to the thirteenth section of the act of 1840, fifty cents; for searching the dockets for judgments against one person for two years, and another for ten years, five cents a year, sixty cents, and for the certificate twelve and an half cents, making in all one dollar twenty-two and an half cents. The act under which the taxation was made authorizes an appeal to the court. (*Stat.* 1844, *p.* 114, § 2.) The costs must be retaxed, unless the clerk shall submit to deduct from his bill all except the amount above mentioned as taxable.

Ordered accordingly.