EPHRAIM F. CURTISS, EXECUTOR, APPELLANT, v. DAVID
D. McNAIR, RESPONDENT.

*County clerk — fees of, for recording papers — chap. 342 of 1840 — fees for search-
ing records.*

The county clerk, for recording instruments in his office, is entitled to ten cents
for each folio, and the taking by him of any greater fee therefor is a misde-
meanor; and any agreement to pay him a greater sum than that allowed by the
statute is void.

Chapter 342 of 1840 applies only to the fees to be charged for searches required
in actions of foreclosure; in other cases the fees are governed by the Revised
Statutes.

Under the provisions of the Revised Statutes (2 R. S. [Edm. ed.], 639), the
county clerk is entitled to charge five cents for searching each of the records
which he is authorized to keep, for each year for which the search is made.

APPEAL from a judgment in favor of: the defendant entered upon
the report of a referee.

. This action was commenced in the Supreme Court by the above
named plaintiff, as executor of A. A. Curtiss, deceased, for the
recovery of a balance claimed to be due the testator from the
defendant on account of services rendered and disbursements made
by the testator as county clerk of Livingston county.

The items of the account are set out in the complaint, amount-
ing to $383.54, on which had been paid $300.

The defense set up is, that the charges for the services rendered
are above what is allowable by statute, and that the legal allow-
ance for the services did not exceed the $300 paid.

The action was referred to E. A. Nash, referee, who decided on
the trial, that the services and disbursements charged were ren-
dered, but that there was charged in the items, over and above the
legal fees, more than the amount claimed as due, and thereupon
reported in favor of the defendant. Upon which report judgment
for $103.40 costs was entered in Livingston county clerk's office,
September 4, 1874.

*S. Hubbard*, for the appellant.

*Charles J. Bissell*, for the respondent.

GILBERT, J. :

We have confined our consideration of this case to the questions argued by the appellant, namely, those relating to the charge for recording deeds, and those for searches. The fee provided by statute for recording instruments of all kinds is ten cents for each folio (2 R. S., 639, § 30), and the taking any greater fee or reward for such service is a misdemeanor. (Id., 650, §§ 5–7.) It clearly appears that there was an overcharge in this particular, and the referee properly disallowed the same. Any agreement in violation of the statutes cited would be void. Nor can the statutes be evaded by means of an account stated, for that would be only evidence of an illegal agreement, which the court cannot sanction or tolerate. With respect to the fees for searches the law is not so clear. We agree with the referee, that the fees of county clerks for searches, not required in foreclosure cases, are governed by the Revised Statutes, and not by the act of 1840 (chap. 342), as was held, by the late Supreme Court, in *Trustees* v. *Van Horn* (3 Den., 171). The title of a statute, though forming no part of it, may be resorted to for the purpose of limiting its application. (*Bishop* v. *Barton*, 9 S. C. [2 Hun], 436, and cases cited ; *Jones* v. *Sheldon*, 50 N. Y., 477.) The title of the act of 1840 shows that the intent of the legislature in enacting the statute of 1840 was merely to accomplish a reduction of the expenses of foreclosing mortgages, and its operation should be restricted accordingly.

The provisions of the Revised Statutes on this subject give to a county clerk " for searching the records in his office, or the records of mortgages deposited in his office by loan officers and commissioners of loans, or the dockets of judgments, for each year, five cents. We are of opinion that the just interpretation of this language is, that it entitles the clerk to charge for each year embraced in every record which he is authorized to keep, and which he is required to search. It is his duty to provide different sets of books for the recording of deeds and mortgages and other papers, documents, etc. (1 R. S., 756, § 2, 376, § 53.) The right to receive a fee for performing any service carries with it the corresponding duty of performing the service on payment of the fee, and this duty is now enjoined upon the clerk by statute. (Laws of 1847, chap. 470, § 40 ; 4 Edm. Stat., 588.) The duty is " to search records when

required to do so," and the fee is for " searching the records." In both statutes the term "records" is used distributively; for the act concerning the Revised Statutes, passed December 10, 1828 (§ 11), provides that " whenever, in the Revised Statutes, or in any other statute, words importing the plural number are used, any single matter shall be deemed to be included, although distributive words may not be used." (1 Edm. Stat., 71.) A requisition to search a single record is within the duty enjoined, and the clerk may charge the prescribed fee therefor. For searching another record he is entitled to charge a similar fee, and so on. Statutes must have a reasonable construction in order to carry out the intention of the legislature. We are of opinion that the legislature intended to measure the compensation of the clerk, not by the period of time embraced in his search, but by the number of years, whether the same .or different years, embraced in the records searched, in other words, that the term "year" was intended to embrace the space in the record searched, and not a period of time. Such an intention is more plainly expressed in the act of April 11, 1853, relating to the fees of the clerk of the city and county of New York, but that fact does not show that any other intention should be inferred from the statute under consideration, or that the latter statute is not plain enough. Besides, in the city of New York, the records of deeds and mortgages are kept by the register, and not by the clerk. The statute of April 11, 1853, does not apply to the former officer, or regulate his fees. (Kent's Charter, 126, 167; 1 R. S., 97; id., 112, 47; 2 id., 286, 61; 1 Edm. Stat., 117.)

It was suggested, on the argument, that the construction we have put upon the statute might lead to an abuse of it by the clerk's multiplying the books in which records are kept; as, for example, by keeping a record of warranty deeds, another of quit-claim deeds, and so on. But such an apprehension is not well founded. There can be only one record of deeds, mortgages and other homogeneous instruments, no matter in how many books they may be contained.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.