GEORGE W. CHURCH *vs.* ST. PAUL & NORTHERN PACIFIC RAILWAY COMPANY.

June 5, 1885.

**Clerk of District Court—Fees for Searching Records and Files.**—For the services mentioned, a clerk of the district court is allowed the following fees: "Searching the records or files in his office, if a copy is not required, twenty cents for the records or files of each year." Gen. St. 1878, c. 70, § 2. *Held*, that he is entitled to twenty cents for searching the records and files for each year in respect to judgments against *each* person whose name is furnished him, although a number of names are given to him at one time in one order.

Appeal by plaintiff from an order of the district court for Anoka county, *Lochren, J.,* presiding, refusing a new trial.

*Hammons & Hammons,* for appellant.

*Horton & Morrison,* for respondent.

MITCHELL, J.   This action was brought to recover for services as clerk of the district court in searching the records of the court for the purpose of ascertaining whether or not there were judgment liens against each or any of 88 different persons whose names were furnished him by defendant on nine different orders at nine different times.   The court was asked to charge the jury that the plaintiff was entitled to 20 cents for searching the files and records of the court for each year in respect to judgments against *each* person whose name was so furnished him.   The court refused to so charge, but did charge that plaintiff was only entitled to recover the sum of 20 cents for making search of such files and records of each year in respect to judgments *against all persons, whether one or more, whose names were furnished by defendant on a single order.*   For the services mentioned the clerk of the district court is allowed the following fees: "Searching the records or files in his office, if a copy is not required, twenty cents for the records or files of each year."  Gen. St. 1878, *c.* 70, § 2.

The statute is not very explicit, but it seems to us that the "search" here referred to must be limited to a search for some particular paper or record, or to ascertain some particular fact.   It could hardly have been intended that by giving an "omnibus" order a person could require a clerk, for a fee of 20 cents, to examine all the records and files for a year, in order to ascertain the existence or non-existence of any and all facts which they might or might not disclose.   The expression, "if a copy is not required," we think, supports our construction.   Under any other construction the clerk would only be entitled to 20 cents for searching the files and records of each year to ascertain any number of separate and independent facts, or to ascertain any particular fact as to each of a thousand different persons, provided all were furnished him in a single order.   Whether any judgments have been rendered and docketed against one person is entirely separate and distinct from the question whether judg-

ments have been rendered and docketed against another person. Hence we think the plaintiff was entitled to the instruction asked for, viz., that he was entitled to 20 cents for searching the files and records for each year for judgments against each person whose name was furnished him.   See *Trustees, etc.,* v. *Van Horne,* 3 Denio, 171.

Order reversed, and new trial ordered.