STATE OF MINNESOTA *ex rel.* Myron H. Cole and another *vs.* JOSEPH RACHAC.

October 28, 1887.

**Public Records—Registry of Deeds—Right of Inspection.**—The right to inspect the public records and papers in the office of the register of deeds, "either for examination, or for the purpose of making or completing an abstract or transcript therefrom," given by Gen. St. 1878, c. 8, § 179, as amended by Laws 1885, c. 116, is not limited to those having some interest in such records.

**Same — Abstract of Title Business.**—Those who are in the business of making and furnishing abstracts of title to others for compensation, are entitled to this right for the purpose of making or completing their "tract indexes," subject, however, to such reasonable rules as the register of deeds may prescribe to secure the safety of the public records intrusted to his official custody.

Upon the petition of the relators an alternative writ of *mandamus* was issued from the district court for Le Sueur county, directed to the defendant, Joseph Rachac, the register of deeds of that county, and requiring him to permit the relators, during reasonable office hours, to have free and unobstructed access to the records in his office which are not for the time being in use by him, and to permit the relators to make all necessary examinations of such records, and

to make tract indexes and abstracts therefrom. Defendant appeals from an order by *Edson*, J., overruling a demurrer to the petition of the relators.

*Cadwell & Parker*, for appellant.

*E. Southworth*, for respondents.

MITCHELL, J. This appeal is from an order overruling a demurrer to the petition of respondents for a writ of *mandamus* against appellant, to compel him to allow them to inspect, and make abstracts and transcripts from, the public records and papers in his official custody as register of deeds. The ground of the demurrer was that the petition did not state facts sufficient to entitle relators to the relief demanded. As the contention of the appellant rests entirely on a single proposition of law, it is only necessary to say that it appears from the petition that the respondents were engaged in the "abstract" business, preparing and furnishing to any and all persons desiring them correct abstracts of title to any tract of land in Le Sueur county; that in this business it is necessary to make what are called "tract indexes," which will show, under the designation of each tract or lot of land, all conveyances or liens affecting the same; and what they claimed was the privilege of inspecting and examining the public records in the register's office, and making abstracts or transcripts therefrom, for the purpose of preparing their "tract indexes."

The counsel for appellant plants himself squarely upon the broad proposition that respondents are not entitled to any such privileges, because they have no interest in the records which they desire to examine. His contention may be briefly stated thus: (1) At common law no person had a right to examine or copy the records in a public office in which he had no interest, present or prospective. (2) That the statute does not extend this right to others, but merely regulates its exercise by those who already possessed it at common law. Conceding that the rule at common law was as stated, the question is, how far has this been changed by Gen. St. 1878, c. 8, § 179, as amended by Laws 1885, c. 116?

In view of its very strong and general language, we are strongly inclined to think that the original statute gave to every person a right to inspect and examine, at all reasonable times, and in a proper way,

all public records in the office of the register of deeds, whether he had any interest in them or not, subject, of course, to such reasonable rules as might be necessary to secure the safety of the records, and provided it was done in such a way as not to interfere with the proper performance of the official duties of the register of deeds. But however this might have been, we think the matter is entirely put at rest by the amendment of 1885. It is a matter of common knowledge that at the time this amendment was passed, in a large majority of counties in this state, persons had engaged in the "abstract" business, and at much expenditure of time and money had prepared, or were preparing, these abstract books or "tract indexes." These abstract offices, if properly conducted, are of great public convenience, because for well-known reasons they are usually the only place where abstracts of title can be conveniently obtained. It is essential to the convenient and proper transaction of the business that those engaging in it provide themselves with these "tract indexes." This can only be done by examination of the records in the register's office, and making copies or abstracts of the same. The right to do this had been usually exercised and conceded without question. But in some instances the right had been denied, and disputes and even litigation over the matter had arisen between the registers and the "abstract" men.

Under this state of affairs, the legislature enacted the amendment referred to, which throughout bears clear evidences of being intended to define and fix the right of all who might desire to make copies of or abstracts from any of these records. While its operation is not confined to those engaged in the so-called "abstract business," yet in its language and general scope it shows that these were prominently in the mind of the legislature. The original statute gave to every one demanding it the right to "inspect" these records. But as there might be doubt what the right of inspection included, the amendment adds, "either for examination, or for the purpose of *making or completing an abstract or transcript therefrom.*" As indicating what and whom the legislature had in mind, the act further provides that the county commissioners may permit any person having a set of "abstracts of titles" to occupy a part of the county building for an office.

Taking the whole act together, and construing it in the light of the circumstances existing at the time of its passage and which probably suggested its enactment, we have no doubt that its meaning and intent is to give to every one the right of inspection of these public records, "either for examination, or for the purpose of making or completing an abstract or transcript therefrom," whether they have any interest in such records or not.   Of course this right is subject to the limitations expressed or implied by the act.   What these are does not concern us here, but we may say generally that it is, of course, subject to such reasonable rules as the register of deeds may prescribe to insure the safety of the public records intrusted to his official custody; and the act expressly provides that it does not give to any person the right to use the records when it would interfere with or hinder the register in the performance of his official duties.

The suggestion in appellant's brief that the petition does not allege or show that the right claimed by the respondents can be exercised without interfering with the register in the performance of his official duties was evidently made under a mistake of fact.

Order affirmed.