W. S. BOYLAN v. JOHN WARREN, *as Clerk of District Court, etc.,* (two cases.)—THE KANSAS CITY, WYANDOTTE & NORTHWESTERN RAILROAD CO. v. SAME.

CASE, *Approved; Mandamus; Right of Private Person to Copy Records.* The decision made in the case of *Cormack v. Wolcott,* 37 Kas. 391, approved; but *held,* that any person who has a present and existing interest in information to be obtained from the public records in any county office, has a right to make an examination of such records to the extent of his interest, and may enforce such right by *mandamus;* and in the examination of such records he may make copies or abstracts or *memoranda* thereof, if he chooses.

*Error from Wyandotte District Court.*

THREE cases, involving kindred questions, and jointly submitted to the supreme court upon the same arguments and briefs. The opinion states the nature of each case, and the material facts thereof.

*Hutchings & Keplinger,* for plaintiffs in error.

*J. O. Fife, J. A. Hale,* and *Scroggs & Gibson,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: Three cases involving kindred questions have been submitted to this court upon the same argument and the same briefs. The first is an action of *mandamus*, commenced originally in the district court of Wyandotte county, on February 14, 1888, by W. S. Boylan against John Warren, to compel the defendant, as clerk of the district court of that county, to permit the plaintiff to examine the records in the clerk's office for the purpose of ascertaining whether there were any judgment liens or mechanics' liens upon certain lands in that county belonging to M. S. Twist, and to make an abstract of the title to such lands for Twist. The plaintiff also alleged that he was engaged in the business of furnishing abstracts of titles to real estate, and that he was specially employed in this case by said Twist. The case was heard before the court without a jury, and the court refused the writ of *mandamus,* and rendered judgment in favor of the defendant and against the plaintiff; and the plaintiff, as plaintiff in error, has brought the case to this court for review.

The next case was commenced originally in this court after the foregoing case was disposed of in the district court, and on February 28, 1888. It is an application by Boylan for a writ of *mandamus* against Warren, to compel him to permit the plaintiff, as the employé of persons generally who may be specially interested in certain lands in said county, to examine the judgment docket and the mechanics'-lien book in his office, and to make copies or *memoranda* from such books for the above-named persons; and in addition thereto he alleges a special employment by the Kansas City, Wyandotte & Northwestern Railway Company for such purpose, which company, he alleges, is interested in certain lands as owner, and in other lands as contemplated purchaser.

The next case, which was commenced after the foregoing case, to wit, on March 6, 1888, is an application in this court by the Kansas City, Wyandotte & Northwestern Railway Company for a writ of *mandamus* to compel Warren to per-

mit the railway company, through its agents, to examine the records in the clerk's office, and to make copies and *memoranda* thereof in cases where it may be specially interested; and it alleges that W. S. Boylan is its agent for that purpose, and that it wishes to ascertain the title to particular lands which it has purchased and which it is expecting to purchase.

It is admitted that Boylan is a professional abstracter of titles, and that his business involves the examination of the various public records of the county, and this not only for the purpose of furnishing abstracts of titles to lands to particular persons who have some special and pecuniary interest therein, who may employ him to do so on particular occasions, but also for the purpose of procuring *data* from which he may make abstracts of titles for whoever may employ him to do so in the future. It is also admitted that Warren is the clerk of the district court of Wyandotte county, and that he refuses to permit Boylan to examine either the judgment docket or the mechanics'-lien book for any such purpose, or to make copies or abstracts or *memoranda* therefrom, or of anything contained therein. The three cases now presented to us, we think, raise all the questions which the plaintiffs might desire to raise as between themselves and the clerk, and all questions which any person having occasion to examine the public records in the office of the clerk of the district court for any purpose, whether as principal or agent, or as attorney or client, might desire to raise as between himself and the clerk. In this state the clerk of the district court is required by statute to give a bond "conditioned that he will truly and faithfully pay over to the proper person or persons all moneys which may be by him received in his official capacity, and faithfully discharge the duties of his said office." (Comp. Laws of 1885, ch. 25, §147.) Section 148 of the same chapter reads as follows:

"SEC. 148. The clerks of the district courts shall do and perform all duties that may be required of them by law, or the rules and practice of the courts, and shall safely keep and preserve all papers, process, pleadings and awards that may be filed, or by law placed in their respective offices."

See also §§ 630 to 632 of the civil code, relating to mechanics' liens, and also §§ 703 to 716 of the civil code, relating to the duties of clerks of the district court. Section 172, art. 15, ch. 25, of the Compiled Laws of 1885, reads as follows:

"SEC. 172. Every county officer shall keep his office at the seat of justice of his county, and in the office provided by the county, if any such has been provided; and if there be none established, then at such place as shall be fixed by special provisions of law; or if there be no such provisions, then at such place as the board of county commissioners shall direct, and they shall keep the same open during the usual business hours of each day (Sundays excepted); and all books and papers required to be in their offices shall be open for the examination of any person; and if any of said officers shall neglect to comply with the provisions of this section, he shall forfeit, for each day he so neglects, the sum of five dollars: *provided*, that in counties of less than five thousand inhabitants, the probate judge shall not be compelled to keep his office open at the county seat, except at the regular term, except the county commissioners shall so order."

Our attention is particularly called to that portion of the foregoing section which reads as follows: "All *books and papers* required to be in their offices shall be open for the examination of *any person*." It is claimed by counsel for the defendant, Warren, that this provision of the statutes does not mean what it says; that the clerk of the district court is not required to keep "all books and papers," or indeed any books or papers, "open for the examination of *any person*," and they cite the decision of this court made in the case of *Cormack v. Wolcott*, 37 Kas. 391, 15 Pac. Rep. 245, as authority for such claim. We think they misinterpret that decision. All that was decided in that case is as follows:

"The register of deeds will not be compelled by *mandamus* to permit any person to make copies of the entire records in his office, for the purpose of making a set of abstract books for private use or speculation; and no such right is given by section 211, [172,] chapter 25, Compiled Laws of 1885."

We think that case was decided correctly, but it does not apply to the three cases now under consideration. We also

Case, followed.

think that much more might be decided in line with that decision, and still not reach the questions involved in the present cases. For instance, it might be decided or admitted that in all cases where a person wishes to examine the records of a public office, whatever that office may be, whether the register's office, the district clerk's office, or any other office, unless he has a *present* and *existing* interest of a *pecuniary* character in the information to be obtained from such records, he has no right of action of any kind, *mandamus*, injunction, for damages, or other action, although the officer in charge may utterly refuse to let him even see the records. And it may also be admitted that no person has any absolute right to examine the records except during office hours, and during a time when the records are not in the rightful or proper use of any other person. The refusal of the officer in charge to permit a person to gratify a mere idle curiosity, or to examine the records for the mere purpose of taking copies or *memoranda* thereof for some supposed possible use in the future, or to examine the records when they are otherwise rightfully and properly in use by some other person, cannot constitute a basis for any kind of action. Some present and existing *right* of a person must be infringed, to the *injury* of such person, before any cause of action of any kind can accrue in his favor; and upon this principle the case of *Cormack v. Wolcott*, supra, was really decided. In the opinion of this court, the statute last above quoted means just what it says. "*All* books and papers" required to be kept in any public county office must be kept "open for the examination of *any person*," whoever that person may be, provided he has some or any *present* and *existing* interest to be subserved by the examination; and it can make no difference whether such interest be great or small, or whether he is interested as a principal or as an agent, or as an attorney or as a client: he has a right to examine such books and papers to the extent of his interest. These views we think are sustained by the authorities. The authorities relied upon as being in opposition to these views are the following: *Cormack v. Wolcott*, supra; *Bean v. The People*, 7 Col. 200; *Webber v.*

20—39 KAS.

*Townley,* 43 Mich. 534; *Match Co. v. Powers,* 51 Mich. 145; *Buck v. Collins,* 55 Ga. 391; *Brewer v. Watson,* 71 Ala. 299; *Phelan v. The State,* 76 id. 49; *Randolph v. The State,* (Ala.,) 2 South. Rep. 714. Although these authorities just cited are generally against an inspection or examination of the records under the particular facts of each case, yet they do not conflict with the views we have expressed, and do not support the contention of the defendant. The first case cited is a fair sample of the others. Indeed, we think the *dicta* of the most of these authorities support our views, and are against the contention of the defendant. For instance, in the case last cited the following language is used by the supreme court of Alabama:

"We must not, however, be understood as intending to abridge the right, conferred by statute, of 'free examination,' by all persons having an interest, of the records of the probate judge's office. Nor will we confine this right to a mere right to inspect. He may take *memoranda* or copies, if he will, and to this end may employ an agent or attorney. The limitation is that he must not obstruct the officers in charge in the performance of their official duties, by withholding the records from them when needed for the performance of an official function. Nor is this right of examination confined to persons claiming title, or having a present pecuniary interest in the subject-matter. It will embrace all persons interested, presently or prospectively, in the chain of title, or nature of incumbrance, proposed to be investigated. The right of free examination is the rule; and the inhibition of such privilege, when the purpose is speculative, or from idle curiosity, is the exception."

On the other side there are cases which seem to be very nearly in point in favor of the plaintiffs in the cases now under consideration. (*The State v. Rachac,* [Minn.,] 35 N. W. Rep. 7; *Hanson v. Eichstædt,* [Wis.,] 35 id. 30; *In re McLean,* [U. S. C. C. S. D. Ohio,] 8 Reporter, 813; *The People v. Richards,* 99 N. Y. 620; same case, 1 N. E. Rep. 258; *The People v. Reilly,* 38 Hun, 429; *The People v. Cornell,* 47 Barb. 329; *Hawes v. White,* 66 Me. 305; *O'Hara v. King,* 52 Ill. 303.) It makes no difference, however, what has been decided in other states with respect to the questions which we now have

under consideration, for the statute in this state governs and controls. Its language is plain, and needs no interpretation. All may understand it who will read it.   Under its provisions "all books and papers," without any exception, must be kept open for inspection and examination, and "any person," without any exception, has the right to *examine* and inspect them. There may be, and indeed are, exceptions arising from the nature of the things to be performed and from conflicting rights and interests, but there are none within the terms of the statute.   And further, *mandamus* will lie to enforce a *right* in any proper case at the instance of any "party beneficially interested." (Civil Code, § 689.)   An agent, as well as a principal, may often, though not always, be a "party beneficially interested."   And where an agent has a beneficial interest in a thing, if such an interest is enforceable at all by *mandamus*, he may enforce his interest by *mandamus*.   From anything appearing in the cases now under consideration, neither of the plaintiffs has any other plain and adequate remedy.   Also the last two cases brought were properly brought in this court.   The defendant refers, however, to the case of *The State v. Breese*, 15 Kas. 123; but that case has no application to these cases.   One of the present cases was commenced in the district court, and sufficient reasons are shown for commencing the other two in this court.   Before closing this opinion it would perhaps be proper to state that "any

Public county records, who may copy.

person," even as abstracter of titles, who may have sufficient interest in the information to be obtained from the public county records to entitle him to an examination of the same, may, if he chooses, make copies, abstracts, extracts or *memoranda* therefrom.   There is no statute and no good reason against it.

In the first case the judgment of the court below will be reversed; in the other two cases peremptory writs of *mandamus* will be allowed.

All the Justices concurring.