JOHN W. BELT, Clerk of the Circuit Court for Prince George's County *vs.* PRINCE GEORGE'S COUNTY ABSTRACT COMPANY.

*Records in Office of Clerks of Courts—Right of Abstract Company to Examine records—Sec. 1 of Art. 17 of the Code—Act of 1890, ch. 209.*

Section 1 of Article 17 of the Code provides that "every clerk shall have the custody of the books and papers pertaining to his office, and shall carefully keep and preserve the same," and "shall give a copy of any paper or record in his office to any person applying for the same, upon being paid the usual fees for transcribing such paper or record." The Act of 1890, ch. 209, incorporating the "Prince George's County Abstract Company" provides "that said corporation may make and may procure copies and abstracts from the public records of the State, and gather information therefrom, and from other sources relating to conveyance of property, real and leasehold, make indexes of all deeds, mortgages, judgments, decrees, and other records within the State of Maryland; may make and procure and furnish plats and other matters relative to property; may examine the titles to property, give certificates of same, and guarantee or insure owners and mortgagees of property, real or leasehold, against loss by reason of defective titles, liens or other incumbrances." HELD:

That said corporation was not authorized by its charter to compel the Clerks of Courts to furnish to it copies and abstracts from the records in their offices, and to make searches, without the payment of the fees prescribed by law for the same; nor was it authorized to make such searches and abstracts through its own officers and employés.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The appellee was incorporated by the Act of 1890, chap. 209. It organized and undertook to begin busi-

Belt *vs.* Prince George's County Abstract Company.

ness by offering to search the records, papers, etc., in the office of the appellant, but was prevented by him from doing so, unless it agreed to pay him the fees he considered he was entitled to under the Constitution and laws of the State. The appellee applied to the Circuit Court for Prince George's County for a writ of injunction against the appellant. The application was set for hearing, and the Court, (BROOKE, J.,) after argument, directed the injunction to be issued. The defendant answered and made his motion to dissolve the injunction. The complainant filed exceptions to the answer, and the Court having heard both the motion to dissolve and the exceptions, at the same sitting, ruled the exceptions good, requiring the defendant to file another answer, by a given day, and refused to dissolve the injunction. From this action of the Court the defendant appealed.

Section 5 of the plaintiff's charter provides as follows:

"And be it enacted, that said corporation may make and may procure copies and abstracts from the public records of the State, and gather information therefrom, and from other sources, relating to conveyance of property, real and leasehold, make indexes of all deeds, mortgages, judgments, decrees and other records within the State of Maryland; may make and procure and furnish plats and other matters relative to property; may examine the titles to property, give certificates of same and guarantee or insure owners and mortgagees of property, real or leasehold, against loss by reason of defective title, liens or other incumbrances; and shall have the right to acquire by purchase or otherwise, and to hold, manage and dispose of, or in any way not contrary to law deal in any property, real, personal or mixed, which shall be necessary to enable the corporation to carry on its business or fulfil the powers and purposes herein named."

Belt *vs.* Prince George's County Abstract Company.

The cause was argued before MILLER, ROBINSON, IRV-
ING, BRYAN, and McSHERRY, J., for the appellee. The
Court declined to hear counsel for the appellant.

*Joseph S. Wilson,* and *C. C. Magruder,* for the appel-
lant.

*William Stanley,* and *Charles H. Stanley,* for the ap-
pellee.

ROBINSON, J., delivered the opinion of the Court.

The appellee is an *Abstract Title Company,* chartered
by the Legislature of this State, and the question is
whether its officers and employés have the legal right
*themselves* to examine and make abstracts or copies of the
public records in the office of the Clerk of the Circuit
Court for Prince George's County, without paying the
fees which the law provides shall be paid to the Clerk
for such services.

The broad contention is, that the public records are
public property, and kept for the public benefit, and
although their custody and safe-keeping are committed
by law to the clerk, yet every one has the right to exam-
ine them, and to make such copies as he may see fit, free
of charge.

It is not pretended that this right is a common law
right, and, if it exists, then it must be founded upon
statutory law. What then are the provisions of the
Code, upon the construction of which this question
depends? Section 1 of Article 17, provides that "Every
clerk shall have the custody of the books and papers per-
taining to his office, and shall carefully keep and pre-
serve the same, * * * and he shall give a copy of
any paper or record in his office to any person applying
for the same, upon being paid the usual fees for tran-
scribing such paper or record."

Then section 12 of Article 36, prescribes the fees which shall be paid to the clerk for such copies, and for making searches in regard to "any matter above a year's standing   *   *   if found."

Section 44 of Article 17, further provides, as one of the conditions of his official bond, that he shall *duly and carefully look after and preserve,* and shall deliver to his successor, all papers and records in good order and repair. There is no provision in the Code such as will be found in the statutes of the several States referred to at bar, "that *all persons shall have free access* to the public records of a county, and shall have the right to examine and make copies or abstracts from the same." On the contrary, while our Code provides that every one shall be entitled to copies of the records, and to the right of such information as they may afford, yet it provides that such copies and searches shall be made by the clerk himself, and on the payment of such fees as the law prescribes. And the reason of this is obvious. Upon the safe-keeping and preservation of the matters of record in the clerk's office, the most important and valuable public and private rights depend. Here all deeds, mortgages, decrees, judgments, and liens are recorded. Here, too, are to be found all papers, proceedings, and docket entries in every suit at law, and in equity. And if every one, whether known or unknown to the clerk, whether trustworthy or untrustworthy, has the right to demand of the clerk that these records and papers shall be delivered to him, and that he himself shall examine and make abstracts from the same, then the law affords every facility to designing and interested persons to mutilate and to impair the integrity of such records. Every one knows that the mere dash of the pen, the addition or alteration of a word, may change entirely the legal effect and operation of the papers, matters of record; and if the appellee's contention be sound, then the law in requir-

ing that the clerk shall safely keep and preserve such records, has imposed upon him a duty which it is impossible for him to perform. We have no hesitation in saying that nothing less than the plain and explicit terms of the statute, could justify a construction so fraught with danger to the highest public interest. There is nothing certainly in our Code which sustains such a construction. On the contrary, as we construe the several sections bearing upon the question, it would, in our opinion, be a breach of duty, on the part of the clerk, to permit any one to examine and make searches of the records in his office, unless it be under the supervision of himself, or one of his deputies. And such being the case, we cannot suppose for a moment, that the Legislature meant to confer upon the appellee a privilege in this respect which is denied to the public. The appellee is a company chartered solely for its own private purposes, and the examination and copies of the records, which it proposes to make, are to be used by it in its business of guaranteeing titles to property, upon compensation to be paid for such services. And though its business may be a legitimate one, though it may be entitled under its charter to copies of the public records, and to the information they furnish, yet such copies and information must be obtained through the clerk, and upon the payment of the fees prescribed by law. The Constitution of this State provides that the salary or compensation of the clerks of the Circuit Courts, their "*assistants, and office expenses,* shall always be paid out of the fees or receipts of the offices respectively." And in requiring the several clerks to furnish to the appellee transcripts of the records, and to make an examination of the same, we cannot suppose the Legislature meant that these services should be rendered without the payment of such fees as the law prescribes for such services. We find nothing in the Code, or in the charter of the appellee, to support such a construction.

And here we might rest our decision, but in the able argument at bar, it was pressed that such a construction would be in direct conflict with the decisions of other States upon statutes, which did not differ substantially with the provisions of our Code. These decisions, we have carefully examined, and with the exception of the one in New Jersey, they do not, it seems to us, support this contention. Now, in *Burton vs. Twite,* 78 *Mich.,* 363, the statute provided that the officers having the custody of records should furnish proper and reasonable facilities for their inspection, for the purpose of making transcripts therefrom, "*to all persons* having occasion to make an examination of them for any lawful purpose," provided, however, that such persons should not use pen and ink in making such transcripts or notes. And in construing this statute, the Court held, overruling a former decision, *Webber vs. Townley,* 43 *Michigan,* 534, delivered by MARSTON, C. J., and concurred in by COOLEY, CAMPBELL and GRAVES, J. that a person engaged in the abstract title business was a person within the meaning of the statute, although the transcripts and examination were made by him, to be used in his business for his own profit.

And so the Court decided in *Hanson vs. Eichstaedt,* 69 *Wisconsin,* 538, under a statute of that State, which provided that the clerk of the Circuit Court should "open to the examination of any person all books," etc., "required to be kept in his office," and should "permit *any person so examining to take notes and copies of such books, records, or papers.*"

In *Lum vs. McCarty,* 39 *N. J. Law,* 287, the statute provided that all deeds, etc., should be recorded in books to be furnished by the clerks, "to *which books every person shall have access* at proper seasons, and may search the same, paying the fees allowed by law." And the Court overruling a former decision, *Fleming vs. Clerk*

*of Hudson County*, 30 *N. J. Law*, 280, held that an attorney had the right, himself, to examine the records free of charge, and that the clerk was not entitled to compensation, unless the examination was made by him, or his deputy. The Court make a distinction between *searches and transcripts of records*, and, for the latter, they hold, the clerk was entitled to compensation. It is not for us to review the decisions of that Court upon the construction of the statutes of that State, and it is sufficient to say we cannot accept this case as an authority in the construction of our statute.

In *Buck & Spencer vs. Collins*, 51 *Georgia*, 391, however, under a statute which provided "that all books kept by any public officer shall be subject to the inspection of all citizens;" and which further provided a table of fees for inspection and abstracts, the Court held that a person was not entitled to inspect and make abstracts of title to be used by him in his business for his own profit. "It was," say the Court, "an unnecessary flaunting of private matters before the public gaze." And, referring to the statute which required the clerk to "keep all books, papers, and dockets belonging to his office with care and security," they further say, "he cannot do this, if any person may handle or inspect them, otherwise than under his own eye. No person has a right to examine or inspect the records of his office, except in his, the clerk's, presence and under his observation." Again in *Cormack vs. Wolcott*, 37 *Kansas*, 391, where the question was whether a person in the abstract and title business had the right to examine and make abstracts of the public records, under a statute which provided that all books and papers required to be kept by the county officers shall be open to the inspection and examination of any person, the Court held that "the right of inspection should be exercised only by persons who have an interest in the record, or by some

Belt *vs.* Prince George's County Abstract Company.

one for them, for the purpose of information, and was not intended to give a right to parties to engage in private speculation in connection with the information there received."

In *Brewer vs. Watson*, 71 *Ala.*, 299, and *Bean vs. The People, ex rel. Uppercu, et al.*, 7 *Col.*, 200, the same construction was given to statutes of like import. So in all these cases, except the New Jersey case, the question was whether a person engaged in the abstract title business, had the right to inspect and make abstracts of titles, to be used by him in his own business, and for his own profit. And in regard to this question, the decisions are conflicting. But that is not the question in this case. The appellee has the right, under its charter, to require the clerk to furnish to it transcripts of title and other matters of record, and the right to make searches; but the construction is that the appellee has the right, through its officers and employés themselves, to make searches and abstracts of titles, and to do this, without paying the fees prescribed by law. There is nothing in the Code or in the charter of the appellee, to support this contention.

So, whatever may be the decision of other States upon the construction of their own statutes, it is sufficient to say we rest our decision upon our own construction of our statutes, a construction which not only the plain terms of the statute, but the safety and integrity of the public records, demand.

As to the answer of the appellant, it is, it seems to us, fully responsive to every allegation in the bill, and the exceptions thereto ought, therefore, to have been overruled.

*Order reversed,*
*injunction dissolved, and*
*bill dismissed.*