STATE ex rel. CLAY COUNTY ABSTRACT COMPANY v. G. D. McCUBREY.[1]

November 29, 1901.

Nos. 12,716—(82).

| 84 | 439 |
| 86 | 338 |

### Public Records—Clerk of District Court.

G. S. 1894, §§ 861, 862, 887, construed, and *held* to authorize and permit the examination and inspection of the records and files in the office of the clerk of the district court by any and all citizens, without limitation as to any particular person or class of persons, and are not repugnant to the constitution either as arbitrary, unequal, or class legislation.

### Same—G. S. 1894, §§ 861, 887.

The right to inspect and examine public records by a person having no interest therein does not exist at common law, and the purpose of the statutes aforesaid was to extend that right or privilege to all citizens. It was competent for the legislature to do so, and to surround the privilege thus extended with such restrictions and limitations as that body deemed necessary and proper.

### Public Records—Purpose of Inspection.

Such statutes do not authorize an examination or inspection of the records and files in the office of the clerk of the district court by any person when the purpose thereof is to complete and certify to abstracts

[1] Reported in 87 N. W. 1126.

of title to real estate. When such is the purpose of an examination, the clerk may refuse to permit it to be made. A person desiring an examination or inspection of the records for that purpose is required by the statutes to apply to the clerk therefor; and that officer, as custodian of the records, may determine for what purpose an intended inspection thereof is demanded.

Alternative writ of mandamus issued on relation of Clay County Abstract Company from the district court for Clay county, directed to G. D. McCubrey, the clerk thereof, requiring him to show cause why he should not permit relator, for the purpose of certifying abstracts of title, to have free access to the judgment docket and other public records in respondent's office. From an order, Baxter, J., discharging the alternative writ and refusing a peremptory writ, relator appealed. Affirmed.

*C. A. Nye,* for appellant.

*F. H. Peterson,* for respondent.

BROWN, J.

Proceeding by mandamus to compel the respondent, clerk of the district court of Clay county, to permit the relator, its agents and clerks, to examine and inspect the books and records in his office. Respondent had judgment in the court below, and relator appealed.

The facts are not in dispute, and are as follows: The relator is a corporation engaged in preparing and furnishing to its patrons and clients, for hire, abstracts of title to tracts of land within the county of Clay. In conducting such business it is necessary that, from time to time, its agents and officers have access to the books and records in the office of the clerk of the district court for the purpose of certifying to the existence or nonexistence of judgments affecting the title to lands abstracted. For this purpose demand was made on the respondent for access to his books and records, which demand was refused on the ground that the right given by statute to inspect such records does not extend to persons whose only object is certifying to the contents thereof, and completing abstracts of title to real estate. At the time application was made for the privilege of examining such books, respond-

ent offered to make examination thereof himself, upon payment to him of the fee allowed therefor by statute, which the relator refused to pay, and this proceeding followed. The office of clerk of the district court of Clay county is not a salaried office, but the income thereof is wholly in the form of fees.

G. S. 1894, § 887, provides that

"The several judges of probate, county auditors, and clerks of the district courts of this state shall during the hours when their respective offices are, or may be required by law to be, open, exhibit any papers, files, or records of their offices, or in their official custody, to the inspection of any person demanding the same, free of charge, except in those cases where fees are provided by law; and in the latter case, upon tender of such fees."

Section 861 provides, in part, as follows:

"Whenever information as to the contents of any of said books respecting the existence or docketing or satisfaction of judgment is required for the purpose of making or certifying abstracts of title, any person requiring such information shall apply to the clerk therefor. And said clerk shall at once make search, and certify the result of such search, under his hand and the seal of said court, giving the name of the party against whom any judgment appears of record, the amount of such judgment, and the time of its entry, and of its satisfaction (if satisfied) and, if requested, any other entries relative to such judgments as they appear of record: provided, that this act shall not prevent attorneys or other persons from having reasonable access to and from examining such records when no such certificate is necessary or required."

Section 862 provides that:

"For such services the clerk shall receive the same fees as are now allowed by law for certificates and examination of records."

Relator contends that the last two sections above quoted, and under which respondent justifies his refusal to permit relator to inspect and examine the records in his office, are unconstitutional and void, because (1) they deprive certain members of the state of rights and privileges which are secured to others under like circumstances and conditions; (2) that they contravene sections 33 and 34 of article 4 of the constitution, because it is arbitrary, unequal, and class legislation; and (3) that they deprive certain

persons of their property without due process of law. The argument of appellant proceeds on the theory that the statutes discriminate, with respect to permitting the inspection of public records, between persons and classes of persons, in consequence of which it is urged that it is class legislation and void. This is not strictly true. The several sections quoted must be construed together, and so as to harmonize their various provisions.

The right to inspect public records by a person having no interest therein does not exist at common law. State v. Rachac, 37 Minn. 372, 35 N. W. 7; Cormack v. Wolcott, 37 Kan. 391, 15 Pac. 245; Belt v. Prince Georges, 73 Md. 289, 20 Atl. 982. The plain and obvious purpose of the statutes under consideration was to extend that privilege or right to all classes of citizens, and it was clearly competent for the legislature to surround the privilege thus extended with such reasonable restrictions as the lawmakers deemed wise and prudent. There is no attempt to limit the right of inspection to any particular person or persons, nor to any particular class of persons. All are granted free access to the records for proper purposes at proper and convenient times, and the only limitations or restrictions imposed are with reference to the purposes for which inspection and examination are sought to be made.

The officers named in section 887 are expressly required to exhibit the papers and records of their offices and in their official custody to any person demanding the same, free of charge, except in cases where fees are provided for, in which case the officer need not produce the records for inspection unless his fees are paid. The portion of section 861 above quoted expressly provides that, whenever information respecting the existence or docketing of judgments is required for the purpose of making or certifying abstracts of title, any person requiring such information shall apply to the clerk for it, and the clerk is required at once to make search and certify the result thereof, for which service a fee is provided. The latter part of this section further provides that the act shall not be construed to prevent attorneys and other persons from having reasonable access to and from examining such records when no such certification is necessary or required.

In the case at bar it is a conceded fact that the examination sought to be made by relator was for the express purpose of completing and certifying to the existence or nonexistence of judgments affecting the title to land abstracted, and was clearly for a purpose not authorized or provided for by the statutes. The relator has the undoubted right, under the statutes, to examine and inspect the clerk's records for a proper purpose, but no right to do so for the purpose of certifying to abstracts of title. The right of inspection and the privilege of examination is extended to all persons, and all are equally bound by the restrictions as to the purpose of the inspection. Clearly, then, the statutes are not repugnant to the constitution, nor assailable on the grounds urged by appellant, and are in no way in conflict with the fundamental law of the state, either as class legislation or otherwise.

The clerk is the representative of the state, the custodian of and responsible for the safekeeping of the records and files in his office, and has the clear right to determine the purpose for which inspection of such records is demanded. That right of determination becomes a duty, and he is bound to exercise it impartially. For any wilful or intentional misuse of the power he would be liable as for any other act of misconduct in office. The statutes clearly limit the right of inspection, and some person other than the person wishing to examine them must be clothed with authority to determine the purpose of an intended inspection. The clerk, as the custodian of the records, is the proper person to perform that duty. It was so held with respect to the records in the office of the register of deeds in the case of State v. Rachac, supra.

Our conclusions are in harmony with those reached by the learned trial court, and its order in the premises is affirmed.