STATE ex rel. H. L. VAN DYKE and Another v. PETER O. SCOW.[1]

July 15, 1904.

Nos. 13,930—(155).

**Clerk of District Court.**

  Certain acts, fixing the fees of clerks of the district court for making search and certifying to the existence or nonexistence of judgments docketed in their offices, construed. *Held*, for such service the clerk is entitled to receive the sum of fifty cents for making search and certifying to each judgment, and also the sum of fifty cents for making search and certifying to the nonexistence of judgments against any individual.

**Search for Judgments.**

  Upon tender of the fees prescribed by law, the clerk is required to search the records in his custody, upon request of any person engaged in the business of making abstracts of title, and certify and deliver transcripts of judgments entered upon his docket. The fact that such abstracter intends to use the information so furnished indiscriminately in his business is immaterial.

**Mandamus.**

  Mandamus will lie to compel the clerk to perform this duty.

Alternative writ of mandamus issued from the district court for Todd county, upon relation of H. L. Van Dyke and another, commanding defendant as clerk of said court to certify and deliver to relators transcripts of certain judgments docketed in defendant's office. From a judgment dismissing the writ entered pursuant to the findings and order of Searle, J., relators appealed. Reversed and judgment ordered for issue of peremptory writ.

*Calhoun & Bennett,* for appellants.

The judgment docketed is a public record and a judicial record. 20 Am. & Eng. Enc. (1st Ed.) 505, 508; 24 Am. & Eng. Enc. (2d Ed.) 169, and cases cited; Rockwood v. Davenport, 37 Minn. 533; Brown v. Hathaway, 10 Minn. 238 (303); Case v. Plato, 54 Iowa, 64; State v. Meeker, 19 Neb. 106; Burton v. Tuite, 78 Mich. 363; Brewer v. Watson, 71 Ala. 299; Sheridan v. Linden, 81 N. Y. 182. Under the authorities, the judgment docket is a public record beyond question.

[1] Reported in 100 N. W. 382.

It does not belong to the legislative or executive department, hence must be a judicial record. The district court is not a court of superior jurisdiction (G. S. 1894, c. 64), having all the jurisdiction and powers of the courts of king's bench and other superior courts at common law. At common law the public has a right to inspect and take or procure copies of the records of courts of superior jurisdiction. That the public had not the right at common law to inspect public records has rather been assumed than decided, and the authorities are not all agreed on the point. However this may be as to records generally, a distinction has always been made between public records generally and the records of courts. Wharton, Ev. (3d Ed.) §§ 745, 747; 3 Taylor, Ev. (Chamberlayne Ed.) §§ 1480, 1483; Brewer v. Watson, 71 Ala. 299; McCaraher v. Com., 5 Watts & S. 21; Burton v. Tuite, 78 Mich. 363.

The right of inspection and to exemplified records of superior courts by any person, without regard to interest or the purpose for which it was to be used, has been recognized and acted upon from the earliest times and has never been denied or questioned. The rule requiring the applicant to show an interest applied only to the records of courts of inferior jurisdiction and other public records not judicial. In re Chambers, 44 Fed. 786; Burton v. Tuite, supra; Diamond v. Powers, 51 Mich. 145; Hanson v. Eichstaedt, 69 Wis. 538; People v. Reilly, 38 Hun, 429; State v. King, 154 Ind. 621; Commonwealth Title Ins. & Trust Co. v. Bell, 87 Fed. 19; Bell v. Commonwealth Title Ins. & Trust Co., 189 U. S. 131.

*Geo. W. Peterson* and *Norman E. Peterson,* for respondent.

DOUGLAS, J.

Mandamus to compel the clerk of the district court of Todd county to certify and deliver to the relators a transcript of certain judgments of record in his office. From the judgment of the district court dismissing said writ, relators appeal.

Appellants are the owners of abstract books and engaged in preparing abstracts of title to real estate in Todd county. On January 27, 1904, they tendered to the respondent, as clerk of the district court, the sum of four dollars, and requested him to prepare and furnish a certified transcript of the docket entries of all judgments and satisfactions

of judgments docketed in his office during said month. During said period seven judgments and one satisfaction of judgment were entered therein. Relators at the same time requested the clerk to make and deliver certified transcripts of each of said judgments and satisfaction, particularly describing them, and again tendered four dollars as compensation therefor. The controversy presents two questions: (1) Whether respondent as a public officer is compelled to search the records in his custody, and certify and deliver, to parties engaged in the business of making abstracts of title, transcripts of judgments and satisfactions thereof, docketed as a part of the records of his office, for a consideration paid of fifty cents for each judgment found and certified. (2) Whether he is required to make and certify for the same parties a transcript of a designated judgment for a like sum.

Respondent refused to comply with such request, and justified his action upon the ground that relators proposed to issue such certificates in preparing abstracts of title in their business as abstracters. He insists that as clerk of court he has the right to make search for and certify as to all judgments upon each abstract of title prepared by relators, and that he is not required by law to make search for and certify as to judgments indiscriminately for private information for those engaged in the abstract business, or furnish information which may be subsequently used by them in such business. While admitting that fifty cents is the regular fee allowed by law to a clerk for making and certifying a transcript of each judgment, respondent insists that he is entitled to an additional sum if required to make search therefor.

Prior to 1889 two provisions existed, among others, in the section of the statute fixing such fees. They read as follows:

> (a) Searching the records or files in his office, if a copy is not required, twenty cents for the records or files of each year. * * * (b) Certified transcript of docket entry, fifty cents. G. S. 1878, c. 70, § 2.

Some confusion arose as to the true construction of the provisions quoted, and in 1889 (Laws 1889, p. 263, c. 160) the following proviso, now a part of section 5538, G. S. 1894, was adopted by the legislature and added to the said section, to wit:

> Provided, that for searching the judgment docket books of his office and certifying to the existence or nonexistence of judgments docketed therein he shall receive as fees the sum of fifty cents.

This proviso was adopted subsequent to the passage of section 888, G. S. 1894, and by implication amends that clause in said section fixing the fees of clerks of court.

In construing the clause above quoted, this court in 1885 held that the clerk is entitled to twenty cents for searching the records and files for each year in respect to judgments against each person whose name is furnished him, although a number of names are given him at one time in one order.   Church v. St. Paul & N. P. Ry. Co., 33 Minn. 410, 23 N. W. 860.   We are of the opinion that the proviso adopted in 1889 supersedes and operates to repeal by implication the other clauses quoted.   Reading it, however, in the light of the Church case, respondent is entitled to receive as compensation for his services fifty cents for searching the judgment docket and making a transcript of each judgment found.   Provided judgments are not found to exist against the persons, or any of them, whose names are furnished, the clerk, in our opinion, is entitled to receive the sum of fifty cents for making search and certifying to the nonexistence of judgments against each of the persons whose names are so furnished.   It follows respondent was entitled to receive the sum of $4 for making search of the records intrusted to his keeping, including certifying to the transcripts of judgments and the satisfaction above referred to, and that relators tendered to him the requisite amount.

Our further inquiry is limited to the question whether the clerk is compelled to make search and furnish certified copies of transcripts of judgment appearing upon his docket at the request of parties engaged in the abstract business.   By section 888, G. S. 1894, adopted March 7, 1887, clerks of the district courts are required to

> Furnish to any person demanding the same a certified copy of any record, file or papers on file or deposited in their offices, * * * upon tender of such proportionate fees as are now allowed by law to registers of deeds for like services.

Section 861, G. S. 1894, adopted March 4, 1884, having reference to the business of abstracters, provides:

> Whenever information as to the contents of any of said books respecting the existence or docketing or satisfaction of judgment is required for the purpose of making or certifying abstracts of title, any person requiring such information shall apply to the clerk therefor. And said clerk shall at once make search, and certify the result of such search, under his hand and the seal of said court, giving the name of the party against whom any judgment appears of record, the amount of such judgment, and the time of its entry, and of its satisfaction, [if satisfied.]

Respondent insists that this provision must be read as a limitation upon the right of a party engaged in the abstract business to require clerks of court to certify judgments at any time or in any other manner than upon each separate abstract of title prepared by them.

In our view, respondent's position is not sound, and the reasons assigned by the learned trial judge in sustaining it are not helpful. He uses the following language in his memorandum:

> This decision is not based upon any particular ground, but upon all the grounds and reasons justified by the facts and the law in the case.

Respondent, as a public officer, is the custodian of public records. The business of making abstracts of title is not only a lawful one, but has been specifically recognized by statute. While the legislature has, in the statute brought to our attention, provided that clerks of court shall certify certain docket entries upon application therefor by any person engaged in the business of abstracting, still we cannot see that it was intended to thereby restrict the duties of the clerk in any particular. Even if the legislature did originally so intend, section 888, G. S. 1894, was adopted three days later, and clearly required such clerks, upon payment of the fees prescribed by law, to deliver transcripts of their respective docket entries upon demand to any person, particularly when such transcripts are requested for a lawful purpose. The fact that the relators may use the information furnished as a basis for making certificates of their own in the pursuit of a well-recognized and lawful business does not concern respondent, and, in our opinion, he

as a public officer has not such an interest in the records intrusted to his charge as will justify him in the position taken. State v. McCubrey, 84 Minn. 439, 87 N. W. 1126, has no application. That issue involved the right of an abstracter to inspect the books of the clerks of court without the payment of fees.

Judgment reversed, and cause remanded, with directions to the trial court to amend its conclusions of law and enter judgment in accordance with this opinion.