THE CITY OF WATERBURY ET AL. *vs.* HUBERT M. RIG-
NEY.

Third Judicial District, Bridgeport, April Term, 1906.

TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The defendant agreed that upon the expiration of his five-year con-
tract to collect the garbage of the city of Waterbury and dispose
of it by cremation, he would convey to the city the plant used
for that purpose, "including the crematory, buildings, wagons,
or other appurtenances thereto, excepting horses and harness,
and the land on which the plant shall be situated." *Held* that
the city was not entitled to a transfer of personal property which
formed no part of the plant and had been used in connection
therewith only occasionally and then in emergencies.

Several months before the contract terminated, the city negotiated
with and purchased of the defendant, for $500, the tract on
which his plant was situated. *Held* that whether the land thus
purchased was or was not included in the original contract, evi-
dence of its purchase was at least admissible to show that before
this suit was commenced the city had acquired title to the very
land and its appurtenances which it now sought to have the de-
fendant convey to it.

In cremating the garbage the defendant at first used water which he
pumped up from two brooks and a spring upon the triangular
piece of land upon which the plant was situated, being the same
he afterward conveyed to the city, but later, and for his own
convenience, built a dam upon other non-adjoining land from
which the water was brought by gravity to the plant by means
of a pipe. *Held* that the contract gave the city no right to this
land, nor any right to take the ponded water as an "appurten-
ance" to the land upon which the crematory plant stood.

A right or easement in other land will not pass as an "appurtenance"
to the land conveyed, unless it is necessary to the enjoyment of
such land.

Statements marked "proven" in the draft-finding will be treated,
upon appeal, as part of the trial court's finding; and therefore
a motion to correct the finding by adding such facts to it is un-
necessary and improper.

Argued April 10th—decided May 3d, 1906.

ACTION to restrain the defendant from injuring or dis-
mantling a plant owned and used by him for the cremation

of city garbage, which he had agreed to convey to the city of Waterbury, also for the specific performance of his agreement, and for damages, brought to and tried by the Superior Court in New Haven County, *Thayer, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs. *No error.*

*Edward B. Reiley, Jr.,* for the appellants (plaintiffs).

*William E. Thoms,* for the appellee (defendant).

HALL, J. In May, 1900, the defendant made a written contract with the city of Waterbury for the collection and disposal of its garbage for the period of five years from April 1st, 1900, the twelfth section of which was as follows: " The said party of the first part (the defendant) further agrees that he will at the expiration of said contract, to wit, on the 1st day of April, 1905, convey to said party of the second part (the city of Waterbury) a good right, title, and interest in and to the plant used by him for the collection and disposal of garbage, including the crematory, buildings, wagons, or other appurtenances thereto, excepting horses and harness, and the land on which the plant shall be situated."

Thereafter the defendant erected upon land owned by him a crematory, consisting of a furnace and two large ovens or receiving tanks which were built firmly into the soil, upon cement and stone foundations, and were covered by a large wooden building, and used the same for the cremation of the city garbage, under said contract, until the commencement of this action on the 31st of March, 1905. The triangular tract of land upon which the crematory was built contained about four acres, and was bounded easterly by the New York, New Haven and Hartford Railroad, westerly by Hancock Brook, and southerly by Spruce Brook. About 458 gallons of water an hour were required for the proper use and operation of the crematory, and a sufficient and never-failing supply of water is furnished by

each of said brooks, and also by a spring near the crematory upon said triangular tract. When the crematory was first built the defendant obtained water for its use from said brooks at points adjoining the triangular lot, and later from said spring, by pumping or raising the water by other mechanical means, as the brooks and spring were too low to enable the water to be conducted to the crematory by force of gravity. Afterward the defendant built a small dam across Spruce Brook upon other land of his further east, across the railroad and highway, and thereby raised or ponded the water of the brook, at a point considerably higher than the crematory, and laid a pipe therefrom to the crematory, so that thereafter the water was supplied to the crematory through said pipe by force of gravity.

In connection with the operation of the crematory and the collection of garbage, the defendant used a number of garbage wagons and other articles and tools, described in the finding and enumerated in an inventory entitled " Inventory Crematory and Appurtenances," which, in contemplation of the termination of the contract, was furnished by the defendant to the city, at its request, and was accepted by the board of health who had the matter in charge.

Against the plaintiffs' objection it was proved at the trial that in October, 1904, the city entered into negotiations with the defendant for the purchase of the triangular tract above described, which resulted in the defendant conveying to the city by warranty deed of January 7th, 1905, for the consideration of $500, said triangular tract, bounded in the deed in the manner before stated, and also described therein as the piece of land "upon which the crematory now used for the disposal of city garbage is situated," and reserving to the grantor the right to use said land until April 1st, 1905. Excepting as it may follow from such descriptions and from the words " with the appurtenances " in the *habendum*, the deed contained no reference to any right in the grantee to use said water-pipes, or to take water from said dam or reservoir made by the defendant.

On the 25th of March, 1905, the city of Waterbury en-

tered into a contract with the plaintiff Carroll for the collection and disposal of the city garbage, for the term of one year from April 1st, 1905, which contract provided, among other things, that Carroll should be entitled to the use, free of charge, "of the land, crematory, buildings, wagons, and other appurtenances thereto, acquired by the city of Waterbury from Hubert M. Rigney, and used by him in the collection and disposal of such garbage and offal."

Under this contract Carroll has demanded of the defendant certain articles of personal property, not included in said inventory, and the right to take water from said dam and conduct it through said pipes to the crematory. The defendant has refused to comply with such demands.

The complaint asks for damages; also that the defendant be required to convey to the city "the said land, plant, and all appurtenances" in accordance with his contract with the city; and that he be enjoined from injuring or removing said plant and appurtenances.

The facts found show that the articles of personal property demanded by Carroll were not a part of the plant used by the defendant in performing his contract with the city, but were only temporarily used in said work in certain emergencies, and were therefore not a part of the property described in section twelve of the contract.

The plaintiffs claim that, by the language of section twelve of the contract, the city was entitled to a conveyance not only of the crematory and buildings but of the land on which the plant was situated, with its appurtenances, and that that included the pond or reservoir and the water-pipes, as land upon which the plant stands, and its appurtenances, or at least included the right to take water from the reservoir to the crematory, through said pipes, as an appurtenance to the triangular tract. The defendant claims that, by the language of said section twelve, the land upon which the plant is situated is expressly excepted from the plant and property to be conveyed to the city.

We have no occasion to decide which of these two claimed constructions of section twelve is the correct one, nor whether the fact that the city in January, 1905, paid to the defendant.$500 for a deed of the triangular tract was admissible as evidence in support of the defendant's claimed construction. It was at least admissible to prove that, before the commencement of this action, the city had acquired title to the very land and its appurtenances which the plaintiffs are now asking to have the defendant convey to it.

Assuming that under section twelve of the contract the defendant was required, without further consideration than that provided in the contract, to convey to the city, at the expiration of the five-year term, not only the crematory and buildings, but also the land with its appurtenances, upon which they were situated, such description does not include the land upon which the dam and reservoir were constructed. The crematory and buildings were not situated upon that land. It does not appear that it was required for the proper and reasonably convenient operation of the crematory. What the parties themselves regarded as the land covered by the somewhat indefinite description of section twelve of the contract, is indicated by the language of the deed of January, 1905, which was accepted by the city after the crematory had been in operation for nearly five years, and when the land upon which it was situated could be definitely described, and in which the triangular tract, bounded as before stated, is described as the land upon which the crematory is situated.

The facts before us fail to show that the city is entitled, either under the contract of 1900 or the deed of 1905, to take water from the pond on the defendant's land east of the railroad and highway. No such right is described either in the contract or the deed. Such a right did not pass as an appurtenance to the triangular tract upon which the crematory is situated, since it was not necessary to the proper use and enjoyment of that land by the city for the purposes for which it was conveyed, the brooks and

spring upon the land furnishing an adequate supply of water. The mere fact that it may have been more convenient to take water from the pond on the defendant's land than to take it from the brooks or spring on the land conveyed to the city, did not create a right or easement in the city to take water from the pond in question. Such a right would not pass as an appurtenance unless it was necessary to the enjoyment of the thing granted. *Whiting* v. *Gaylord*, 66 Conn. 337, 348, 34 Atl. 85; *Giddings* v. *Emerson*, 24 Conn. 538, 545; *Manning* v. *Smith*, 6 id. 289, 292; *Humphreys* v. *McKissock*, 140 U. S. 304, 313, 11 Sup. Ct. Rep. 779; *Fond du Lac Water Co.* v. *Fond du Lac*, 82 Wis. 322, 331, 52 N. W. 439; *Root* v. *Wadhams*, 107 N. Y. 384, 14 N. E. 281.

The plaintiffs are not entitled to a correction of the finding. Most of the facts which they ask to have added to the finding are stated in the paragraphs of their draft-finding marked " proven." A motion to correct by adding such facts to the finding is improper, since paragraphs of the draft-finding so marked are to be regarded as part of the finding.

There is no error.

In this opinion the other judges concurred.