WILLIAM JACKSON *vs.* GEORGE P. SAVAGE.

First Judicial District, Hartford, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and GAGER, Js.

The filing of a general denial while a demurrer to the complaint is pending, operates as a waiver of the demurrer.

General Statutes, § 2394, permits a tax warrant to be levied on any "taxable goods and chattels" of the debtor, and § 2315 exempts from taxation "the produce of a farm while owned and held by the producer, actually grown, growing, or produced, during the season next preceding the time of listing." *Held* that one who cut and cured hay "on shares" was a "producer" equally with the owner of the farm on which it was produced and in whose barn it was stored ; and therefore that within the period of time prescribed by the statute the hay, while so owned and stored, was not taxable nor liable to seizure for taxes due from either of its owners in common.

The possession of chattels by one cotenant is ordinarily the possession of both.

It is competent for this court to treat statements of fact in a draft-finding which are marked "proven," as if they had been incorporated into the finding.

Argued October 2d—decided October 17th, 1906.

ACTION upon the so-called common counts to recover for a quantity of hay, brought before a justice of the peace and

thence by the defendant's appeal to the Superior Court in Middlesex County, where the plaintiff was allowed to file a substitute complaint alleging a conversion of the hay, and the cause was afterward tried to the court, *Reed, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant.  *Error: judgment to be entered for defendant.*

*Clarence E. Bacon,* for the appellant (defendant).

*M. Eugene Culver,* for the appellee (plaintiff).

BALDWIN, J.   A demurrer to one paragraph of the complaint was filed, and then, later in the same day, a denial of the entire complaint. The latter operated as a waiver of the former. *Brainard* v. *Staub,* 61 Conn. 570, 576, 24 Atl. 1040.

The finding of the Superior Court establishes the following facts: The defendant took the hay in question, after January 6th, 1905, out of a barn on a farm in which a Mrs. Stocking had a life estate.  It was part of a larger quantity, all of which had been cut upon the farm, made into hay, and placed in the barn by the defendant, under an agreement with her that he was to have half of it for so doing. On December 21st, 1904, an undivided half interest in all hay so placed in the barn belonged to the defendant, and on that day the town collector of taxes levied upon such interest by virtue of a tax warrant against him.   On January 6th, 1905, the collector sold it to the plaintiff, at public auction.   Subsequently all the hay in the barn was equally divided by Mrs. Stocking and the defendant, and the latter thereupon carted away several tons of it.

General Statutes, § 2394, authorizes the levy under a tax warrant to be made " on any taxable goods and chattels " of the debtor.   General Statutes, § 2315, exempts from taxation " the produce of a farm, while owned and held by the producer, actually grown, growing, or produced, during the season next preceding the time of listing."

The hay in question was produced on a farm then held by Mrs. Stocking in 1904, during the season next preced-

Jackson *v.* Savage.

ing the time of listing, which was October 1st, and also next preceding the levy of the tax warrant. The hay was made from grass cut by the defendant on Mrs. Stocking's farm. The grass was the product of the farm; the hay into which it was turned was the product of the defendant's labor in cutting and curing it. Mrs. Stocking and he were therefore both producers of it. When levied on, they were cotenants of it. See *Herskell* v. *Bushnell*, 37 Conn. 36, 44. The whole was held by her, but the possession of one tenant in common was, under the circumstances, the possession of both. *Main's Appeal*, 73 Conn. 638, 644, 48 Atl. 965.

It is unnecessary to inquire whether there is anything in the defendant's claim that a levy under a tax warrant cannot be made on an undivided interest in personal property. It is enough to support his appeal that the hay in question, when seized and sold, had not the character of "taxable goods and chattels."

The defect, thus disclosed, in the plaintiff's title is fatal. He bought under a levy made on what was at the time exempt from taxation, and so from seizure under a tax warrant.

Other objections to the validity of the sale were made, but as the subject-matter was not open to levy, it is unnecessary to consider them.

It was assigned for error that a request to correct the finding by inserting a statement of certain facts should have been granted. The facts in question were set forth in paragraphs of the draft-finding which were marked *proven* by the trial judge. To mark them thus enables this court to treat them as if they had been incorporated into the finding; and this we have done in the present case. *Waterbury* v. *Rigney*, 79 Conn. 60, 65, 63 Atl. 775.

There is error, the judgment is set aside and the cause remanded with directions to enter judgment for the defendant.

In this opinion the other judges concurred.