Hoadley *v.* Smith.

GEORGE HOADLEY AND ANOTHER *vs.* SAMUEL A. SMITH.

After a bill in equity had been referred to a committee and a report made thereon, the respondent offered a demurrer to the petition. Held that it could not be received.

A party cannot plead to the merits of a cause and at the same time demur to the sufficiency of the declaration or petition.

Under the statute which allows a party to change his plea, a demurrer can be filed after a plea to the merits, only where the latter plea has been withdrawn.

BILL IN EQUITY, brought to the Superior Court in New Haven county.

The case was referred to a committee, who made a report, against the acceptance of which the respondent remonstrated, the petitioners answering to the remonstrance and the respondent replying to the petitioners' answer. After the parties had been heard upon the questions arising under the remonstrance, and before the court had rendered judgment thereon, the respondent filed with the clerk of the court a demurrer to the petition, and the clerk endorsed the same as filed, which demurrer the court (*Loomis, J.*) rejected and ordered to be stricken from the files. The court having passed a decree for the petitioners the respondent brought the record before this court by a motion in error, assigning as error the refusal of the court to entertain the demurrer.

*L. E. Munson,* for the plaintiff in error, cited Gen. Stat., p. 27, sec. 123; 1 Swift Dig., 639; *Bishop* v. *Quintard,* 18 Conn., 396, 407.

*Alling,* for the defendants in error.

PARK, J. The respondent claims that he has the right to interpose a demurrer in a suit in chancery in any stage of the case, before a final decree shall have been passed, and to stop the proceedings till the demurrer shall be heard and determined. He claims the right to do this even if the cause is on trial upon its merits, upon an answer filed by the respondent, before the court, or a committee appointed to

hear and report the facts, as well as at any other time during the pendency of the cause. If the respondent has this right, he has it in defiance of all order in the proceedings and contrary to the settled practice of the state from time immemorial. This demurrer was filed with the clerk, without the assent of the court, or consent of the petitioners, after the respondent had filed an answer to the petition, and a committee had been appointed to hear and report the facts of the case; and after the committee had made his report, and a remonstrance had been filed to the acceptance of the same; and after the petitioners had made their answer to the remonstrance, and the respondent had filed his replication to the answer; and after the parties had been fully heard upon the questions arising upon the remonstrance, and while the court was considering what judgment should be rendered thereon.

No motion was made to change or alter the answer that had been filed to the petition; or to change or alter the remonstrance to the acceptance of the report of the committee; or to change or alter the replication to the answer to the remonstrance; but the respondent interposed the demurrer while the issues joined on these pleadings were being tried by the court.

If the court was bound to receive it, it must be on the ground claimed by the respondent, that a demurrer is always in order in the trial of causes, like a motion to adjourn in parliamentary proceedings. But we think no principle is better settled than that a party cannot plead to the merits of a cause and demur to the sufficiency of the declaration or petition at the same time; or at different times, so that both will be pending at the same time. All the books upon pleading uniformly declare that this cannot be done.

In the case of *Adams* v. *Way*, 32 Conn., 160, Judge Dutton says :—" The regular course of pleading requires that the plaintiff should in his declaration state his case; that is, he should allege the facts on which he claims a legal right to recover. The defendant may then demur, that is, deny the legal sufficiency of these facts, or deny the facts themselves,

or confess and avoid them. These are distinct grounds of defense, and ought not to be mingled or confounded."

The respondent claims this right by virtue of the statute of amendments, Gen. Statutes, page 27, sec. 123. But it is clear that the statute has no application to the case. That statute gives a party the right to change or alter the pleadings already filed. But here no motion was made to change the answer, remonstrance, or replication of the respondent. They remained as originally drawn, and the demurrer was filed as another distinct ground of defense. This could not be done.

There is no error in the judgment complained of.

In this opinion the other judges concurred.