SILAS HAWES *et al.*, county commissioners, petitioners for mandamus, *vs.* GEORGE W. WHITE.

Knox, 1876.—May 30, 1876.

*County commissioners. Mandamus.*

The county commissioners have a right of access to the records of the register of deeds and to the use of a portion of the office for the purpose of making the ledger index authorized by c. 227, of the Acts of 1874.

In case the register resists this right, the writ of mandamus is the proper remedy.

ON EXCEPTIONS.

PETITION FOR WRIT OF MANDAMUS, commanding the respondent, register of deeds, to permit the petitioners to have access to the volumes of index and of records, and the use of a part of the office, for the purpose of changing all such volumes of index to the form known as the ledger index, etc.

The respondent filed a motion to dismiss the petition :

I. Because the aforesaid petitioners had no lawful authority to demand of said White the use of a portion of the office of register of deeds, and access to the volumes of records of deeds, and the index thereof, for the purposes mentioned in said petition.

II. Because if the petitioners had lawful authority to change all the volumes of index now in the registry of deeds for said county of Knox, and to make new indexes of said volumes of records, as mentioned in said petition, and to employ the said Daniel P. Rose to perform said work, and the said petitioners and the said Rose were by the said White refused "access to the records, and the volumes of index, and refused to allow said work to be performed in said office of registry of deeds, and with violence and threats directed said Rose to leave said office," and did resist and prevent the performance of said work, as is more fully set forth in said petition, they have a remedy at law and mandamus will not lie.

The presiding justice ruled that mandamus was a proper process upon the facts set forth, and that the motion and reasons

thereon, furnished no sufficient answer, and ruled that the writ should issue ; and the respondent alleged exceptions.

*D. N. Mortland*, for the respondent.

*A. P. Gould & J. E. Moore*, for the petitioners.

LIBBEY, J.   By virtue of act of 1874, c. 227, the county commissioners of each county are authorized, if they deem it expedient, to change all volumes of index "now in the registry of deeds," to the form known as the ledger index, so that the same surnames shall be recorded together in each volume.

The petitioners, the county commissioners of Knox county, determined that it was expedient to change the indexes in the registry of deeds in that county to that form.   They had legal authority to do so.   They may perform the work personally, or employ some proper person to do it ; and for that purpose have a right of access to, and of the use of the records of the registry of deeds, and a right to use a portion of the office of the register of deeds, where the records are kept, if not inconsistent with a proper discharge of the duties of his office by the register.

This right was resisted by the respondent, the register, on the ground that the petitioners had no such right under said act, and not because the exercise of that right as claimed, would be inconsistent with a proper discharge of the duties of his office by him.

The writ of mandamus is the proper remedy to require the respondent to permit the petitioners to exercise the rights aforesaid.   The petitioners have sufficient interest in the subject matter to authorize them to petition for the writ.

> *Exceptions overruled.*
> *The writ of mandamus to be*
> *issued as prayed for.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.