AUSTIN BRAINARD vs. NICHOLAS STAUB, COMPTROLLER.

Hartford Dist., March T., 1892. ANDREWS, C. J., CARPENTER, SEYMOUR,
TORRANCE and FENN, Js.

In mandamus the alternative writ stands in the place of the complaint in
ordinary civil actions. A motion to quash it performs the office of a
general demurrer, while a return stands in the place of an answer.
To each the general principles and rules of pleading and practice apply
so far as they are applicable to the subject matter.

In an application for a writ of mandamus to compel the defendant, the
comptroller of public accounts, to pay the plaintiff a sum claimed by
him to be due as his salary as executive secretary, the plaintiff averred
in the alternative writ that B was governor of the state and had ap-
pointed him as his secretary. The defendant's return alleged that B
was not governor of the state, but that M had received at the election
a majority of all the votes cast for governor, and did not appoint the
plaintiff, but another person as his secretary. Held that the issue so
presented, as to the election of M as governor, was immaterial, as it
was between persons not parties to the record, and was impertinent
in that its decision would not dispose of the case, and that such plead-
ing might properly be expunged.

The defendant filed a motion that the alternative writ be quashed. In his
return he had admitted the fact the want of an averment of which
was the ground of his motion to quash. Held that he could not move
to quash while leaving that admission upon the record.

When a party desires to plead out of the order which the law or the prac-
tice prescribes, he should move the court for leave to do so. Such a
motion is addressed to the discretion of the court and the granting or
refusing it is not the subject of error.

A party cannot plead to the merits and demur at the same time, or at dif-
ferent times where both are pending at the same time.

The court allowed an amendment of the alternative writ, but denied the
defendant's motion for further opportunity to plead. But the amend-
ment presented no new issue. It did not change the form of the ac-
tion nor the ground on which relief was claimed, and the fact that
the amendment averred had been expressly admitted by the defendant's
answer. The court had also found the fact on evidence and the de-
fendant's counsel had declined to offer any evidence on the point,
though given the opportunity. Held that the court properly declined
to receive further pleading.

[Argued March 2d—decided April 1st, 1892.]

APPLICATION for a writ of mandamus, made to the Su-
perior Court in Hartford County. The court issued an

alternative writ, to which the defendant made return. Portions of the return were, upon motion of the plaintiff, expunged by order of the court, (*J. M. Hall, J.*) The defendant at a later term moved that the alternative writ be quashed, which motion the court, (*Robinson, J.,*) refused to receive, and the case was heard upon its merits. The court made the following finding of facts.

On the 28th day of January, 1891, Austin Brainard, the relator, was appointed executive secretary by Morgan G. Bulkeley, governor of the state, and a commission or certificate of his appointment was signed and issued to him by the same authority.

From the time of his appointment to the first Monday of March, 1891, he performed the duties appertaining to that position, and ever since has continued to perform such duties.

On said first Monday of March, 1891, there was due said Brainard for salary as such executive secretary the sum of $66.66, and after said salary became due, to wit, on March 18th, 1891, said Brainard requested the respondent, who was then and is now the comptroller of this state, to issue to him an order on the state treasurer for said amount of salary, but the respondent refused, and has never issued such order to the relator.

At the request of the relator's counsel the court adds to this finding as follows :—On the trial of this case, and after the relator had offered proof of the fact of said demand and refusal to issue the order above referred to, the respondent's counsel asked for and was given time and opportunity to rebut the same if he desired to do so, but he declined to offer any testimony on said point, the court giving him all the time he asked for, to wit, until the afternoon of the day of the trial, and he at no time made any claim that the time asked for by him and allowed by the court was insufficient for the purpose.

At the request of the respondent's counsel the following matters are added to this finding :—Upon the trial of this case on October 27th, 1891, upon the pleadings as they then stood, the relator offered in evidence a copy of an entry in

the executive journal, and attested as such copy by the
relator as executive secretary, stating that on January 20th,
1891, the relator had been appointed executive secretary by
Morgan G. Bulkeley; and also a writing signed " M. G.
Bulkeley, Governor," to which was attached the seal of the
state, certifying that said Morgan G. Bulkeley had on Jan-
uary 20th, 1891, appointed the relator executive secre-
tary, and had administered to him the oath of office on that
day. To this evidence the respondent objected, on the
ground that the appointment by Morgan G. Bulkeley was
not valid, and that the certificate of the relator was not
valid, and that the evidence did not prove that the relator
was *de jure* executive secretary. But the court overruled
the objection and admitted the evidence. The respondent
excepted.

The relator offered his own testimony that he had in fact
performed the duties of the office. To this testimony the
respondent objected on the ground that it was irrelevant.
But the court overruled the objection and admitted the
evidence. The responded excepted.

The relator offered no other evidence as to his title to said
office.

The respondent offered in evidence the lists of the presid-
ing officers of the electors' meetings at the general election
held in November, 1890, returned to the secretary, and the
fair lists of the vote for governor made by the secrétary,
treasurer and comptroller, with the lists of the presid-
ing officers laid before the General Assembly, and also the
journals of each house, showing the action of the Senate
and House of Representatives at the January, 1891, session
of the Assembly, relative thereto, and relative to the election
of state officers in November, 1890, and the administration
of the oath of office for governor to Luzon B. Morris on
January 13th, 1891. To this evidence the relator objected
on the ground that it was irrelevant. The court sustained
the objection and refused to admit the evidence. The re-
spondent excepted. The respondent offered no other evidence.

The respondent claimed in argument that the alternative

writ alleged no demand upon and no refusal by the respondent to the relator, and no facts showing that the sum of $66.66 was legally due and payable on the first Monday in March, 1891, and that the alternative writ was therefore fatally defective. The respondent also claimed in argument that the allegations of the second defense of the return showed that the order for a peremptory writ should not be made.

On the trial of the cause it appeared in proof by the relator, and was admitted by the respondent's return to the alternative writ, that a demand was made by said Brainard on the respondent, as comptroller, to issue to him his order for the amount of salary heretofore designated; but the counsel for the respondent claimed in argument that the court should dismiss the alternative writ, because the admission of demand in the return, the allegation of demand in the application, and the proof of demand furnished by the relator, if complete, were neither severally nor collectively sufficient to cure the omission of a specific allegation of demand in the alternative writ itself. On the trial the court inquired of the relator's counsel if they desired to amend the alternative writ as to this matter of demand; they replied that they did not, but if the court ordered it they would do so.

The trial of the case was closed October 27th, 1891, and the court took the papers.

November 3d, 1891, the court notified counsel for the respondent that it should make an order directing the relator to amend the alternative writ relative to the matter of demand, in order to meet the admissions of the return, and the proofs of the relator, so far as they therein agreed on that point. An order to the relator to amend in the matter of demand was made the same day.

November 4th, 1891, the relator, agreeably to said order of the court, filed an amendment to the alternative writ alleging a demand. The respondent excepted to the order of the court directing the amendment.

November 6th, 1891, the respondent's counsel moved the

court to allow the respondent further time to file an amended return to the amended alternative writ, and this privilege he claimed was due to the respondent because of the ordered amendment to the alternative writ touching the demand proved by the relator and admitted by the respondent's return. This motion the court denied. The respondent excepted.

On November 13th, 1891, the court issued a peremptory writ of mandamus and the defendant appealed to this court.

*W. Hamersley*, for the appellant.

*C. J. Cole*, for the appellee.

ANDREWS, C. J. The plaintiff on the 25th day of March, 1891, made application to the Superior Court in Hartford County, praying that a writ of peremptory mandamus be issued, commanding the defendant, who is the comptroller of the state, to draw his order on the treasurer in favor of the plaintiff for the sum of sixty-six dollars and sixty-six cents, which sum the plaintiff claimed was due to him on the first day of March, 1891, for services as executive secretary. Upon that application an alternative writ of mandamus was issued and was duly served upon the defendant, returnable on the first Tuesday of April then next. On the return day, being the 7th day of April, the defendant came into court and made return to the alternative writ. The return was in three parts. The first and second paragraphs of the first part were as follows :

" 1. The defendant admits that on the first Monday of March, 1891, he was and ever since has been comptroller. 2. He further admits and avers that on the 18th day of March, 1891, said Austin Brainard presented to him as comptroller a demand against the state for the sum of $66.66, and that the defendant then refused to draw his order on the treasurer for the payment of said demand."' Afterward the plaintiff moved the court to expunge the second and third parts of the return. The court, on the

23d day of June, denied the motion as to the second part of the return and granted it as to the third part, and that part of the return was accordingly expunged. On the 19th day of October the defendant filed a motion to quash the alternative writ, for that " it is not suggested nor alleged in said writ that the prosecutor has ever made any demand of the defendant to draw the order mentioned in the writ, and that it is not suggested nor alleged in said writ that the defendant ever refused to comply with any demand of the prosecutor to draw such order." This motion the court refused to receive as coming too late. The case was heard on the 27th day of October. On the third day of November, and before the case had been decided, the court directed the plaintiff to amend the alternative writ, and it was amended by inserting paragraph $5\frac{1}{2}$ as appears on file. On the 6th day of November the defendant asked leave to make an amended return to the amended writ, but the court denied that motion. On the 13th day of November judgment was rendered, finding the issues in favor of the plaintiff, and a writ of peremptory mandamus was issued. These are the features of the case upon which the questions that are made principally arise. The defendant has appealed to this court. Six reasons of appeal are presented and argued in his brief.

The first is " that the court erred in striking out the third portion of the return."

The alternative writ in mandamus is usually regarded as standing in the place of the complaint in an ordinary civil action. A motion to quash performs the office of a general demurrer and brings the law of the case fully before the court, while a return stands in place of n answer. To each of these the general principles and rules of pleading and practice apply, so far as they are applicable to the subject matter in each case. *Woodruff* v. *N. York & N. Eng. R. R. Co.*, 59 Conn., 63; *State's Attorney* v. *Selectmen of Branford*, id., 402; *Am. Casualty Ins. Co.* v. *Tyler*, 60 id., 448.

The plaintiff had alleged in the alternative writ that he was on the 20th day of January, 1891, appointed executive secretary by the governor of the state of Connecticut. This

allegation was directly denied by the defendant in the first part of his return. Part third of the return, so far as it added anything to this denial, consisted of allegations that Luzon B. Morris received a majority of all the votes cast for governor at the election holden on the fourth day of November, 1890, and that Mr. Morris did not appoint the plaintiff to be executive secretary, but had appointed another person. The issue so presented was an immaterial one in that it was between persons not parties to the record. It was impertinent in the sense that its decision either way would not dispose of the case before the court. Such a pleading may properly be expunged. *Page* v. *Merwin*, 54 Conn., 426; *Logiodice* v. *Gannon*, 60 id., 81. The reasons given by the Superior Court for its action upon this motion seem to fully justify it.

The second reason of appeal is :—" That the court erred in refusing to receive and hear the defendant's motion to quash." The force of this reason expends itself on the word "receive,"—that the court refused *to receive* the motion to quash. Previous to the filing of this motion the defendant had made his return to the alternative writ, and in it he had expressly admitted that fact, the want of an averment of which therein was the ground whereon he asked in this motion that the alternative writ be quashed. He did not ask leave to withdraw the return and substitute the motion to quash. He did not propose to do that, but to leave them both on the record.

In *Hoadley* v. *Smith*, 36 Conn., 371, it was held that a party could not plead to the merits and demur at the same time, or at different times, so that both should be pending at the same time. To the same effect is section 10, rule 4, of the Practice Act Rules, 58 Conn., 567. See *Powers* v. *Mulvey*, 51 Conn., 432. In *Hotchkiss* v. *Hoy*, 41 Conn., 568, the general issue had been pleaded. The defendant asked leave, which was granted, to withdraw that plea and demur. It was held that that was proper. When a party desires to plead out of the order which the law or the practice has prescribed, he should move the court for leave so to do.

Such a motion is addressed to the discretion of the court, the granting or the refusing of which is not the subject of error. *Adams* v. *Way*, 32 Conn., 160 ; *Healey* v. *City of New Haven*, 49 id., 394. It is true that the argument on this part of the case took a wider range than is here indicated. This reason of appeal was argued as though the motion to quash had been received and overruled. If the amendment to the alternative writ which the court directed to be made, was properly made, then the ground for this argument was wholly removed.

The third reason of appeal presents only a question of practice, which was clearly within the control of the trial court. As to the fifth reason of appeal, it does not appear that the question thereby presented was made and decided in the court below. The defendant insisted throughout the whole trial that no sum whatever was due to the plaintiff. He never asked the court to decide that a sum less than $66.66, was due. Practice Act Rules, chap. 17, sec. 1 ; 58 Conn., 584.

The fourth reason is that " the court erred in permitting the amendment to the alternative writ, and in refusing to entertain the amended return filed thereafter. There can be no doubt that sections 880 and 1023 of the General Statutes gave the court ample power to direct the amendment to be made. This the defendant virtually admits, but he says he ought to have had an opportunity to make further answer after the amendment was allowed.

If it was made to appear that the defendant was in any way misled by the omission in the alternative writ of that allegation which the amendment supplies, or that he was prejudiced in making his defense by the allowance of that amendment, or if a new issue had thereby been presented, it would have been the duty of the court to allow him further opportunity to plead and to be heard. But here the contrary appears. The amendment presented no new issue. It did not change the form of the action, nor the ground on which relief was claimed, and the fact which the amendment averred had been expressly admitted by the defendant. In-

dependent of this admission it is found by the court, upon evidence, that a demand was made by the plaintiff upon the defendant and that the defendant refused to comply therewith, as is set forth in the amendment; and that after the evidence had been given upon this point by the plaintiff, " the defendant's counsel asked for and was given time and opportunity to rebut the same if he desired to do so, but he declined to offer any testimony on said point, the court giving him all the time he asked for, to wit, until the afternoon of the day of the trial, and he at no time made any claim that the time asked for by him and allowed by the court was insufficient for the purpose."

Under these circumstances we think no useful purpose could have been served by any further pleading. *Santo* v. *Maynard*, 57 Conn., 157.

The error alleged in the sixth reason of appeal presents the same question which was discussed in *State* v. *Staub*, *ante*, page 535. We have no occasion to add anything to what is there said.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.