**The People of the State of Illinois, ex rel. Carl Bajohr, Appellee, v. The Weber Company et al., Appellants.**

**Gen. No. 15,487.**

1. CORPORATIONS—*right of stockholder to examine books.* The right of a stockholder to examine the records and books of account of the corporation at all reasonable times, by himself or his attorney, is expressly guaranteed to him by the statutes of Illinois, and such right if denied will be enforced by mandamus.

2. MANDAMUS—*who not improper party.* In a proceeding for a writ of mandamus to enforce the right of a stockholder to examine corporate books, *held*, that the treasurer of the corporation was not improperly joined and that under the pleadings in the cause the judgment for costs against such treasurer was not erroneous.

Mandamus. Appeal from the Superior Court of Cook county; the Hon. WILLIARD M. McEWEN, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed February 16, 1911.

TINSMAN, RANKIN & NELTNOR, for appellants.

FRANK E. HAYNER, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from the judgment of the Superior Court of Cook county awarding a peremptory writ of *mandamus* against the Weber Company and its officers and directors, commanding them and each of them that they forthwith permit the relator, Carl Bajohr, or his attorney in fact, to examine all books and papers relating to the transaction of the business of the said Weber Company, and charging the Weber Company, Richard A. Steen and Bernard P. Weber with the costs of the proceeding.

Carl Bajohr was a stockholder in the Weber Company and his right to examine the records and books of account of the corporation at all reasonable times, by himself or his attorney, is expressly guaranteed to him by the statutes of Illinois, and the Supreme Court of Illinois has declared that this right involves the right to examine contracts and such other papers as the petition and order in the case at bar refer to. Stone v. Kellogg, 165 Ill. 192.

We see no valid reason alleged in either the pleadings or the testimony, why this writ should not issue if the right was denied or unreasonably obstructed, and we think the record plainly indicates that it was at least so obstructed.

Defendant cites authorities to the proposition that a writ of *mandamus* should not issue in doubtful cases or where the petitioner cannot show a clear right.

The right in this case is not doubtful and the citations are therefore irrelevant.

The inclusion of Bernard P. Weber among the defendants is complained of on the ground that no personal demand was made on him by the petitioner before the institution of the suit. Weber was a director and treasurer of the company. He was, under the circumstances, a proper party to the petition. He did not disjoin himself from the company or its president in the somewhat inartificial pleadings which ensued, and according to the recital in the judgment or decretal order of the court joined in the submission of the case to the court. The writ properly ran against him, with the other defendants, and the costs were properly taxed against him with the others.

The judgment of the Superior Court is affirmed.

*Affirmed.*