HUGH M. ALCORN, STATE'S ATTORNEY, EX REL. STANDARD OIL COMPANY OF NEW YORK, *vs.* THE CITY OF NEW BRITAIN ET AL.

First Judicial District, Hartford, January Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued January 14th—decided March 31st, 1930.

*John H. Kirkham,* Corporation Counsel of the City of New Britain, for the appellants (defendants).

*Donald Gaffney,* for the appellee (plaintiff).

WHEELER, C. J.   The relator made its motion to the Superior Court that it issue a writ of mandamus requiring the respondents, the city of New Britain and its building inspector, to issue to it a permit for the erection of a gasoline station on its property as described in the motion.   The record contains a "Return to Writ of Mandamus" filed June 12th, 1929, together with a reply to the respondents' return filed June 12th, 1929.   The court rendered its decision, filed June 18th, 1929, that the writ of mandamus issue and the judgment-file bears date the same day.   The judgment recites that the motion of the relator, that the court issue a peremptory writ requiring the respondents to issue such permit or signify cause to the contrary, came to the court on May 28th, 1929, and the parties appeared and the defendant made return to "the alternative writ as on file," whereupon it was adjudged that the building inspector issue such permit.   On June 21st, 1929, the respondents moved, for reasons stated, that the case be assigned for trial; on June 29th, the court denied the motion.   Thereupon respondents, on August 29th, filed their draft-finding and accompanied it by a statement of certain claims of law which they desired reviewed, several of which were as follows:

"(16) Whether the court erred in deciding the case and giving final judgment before the issuance of a writ of mandamus and before the pleadings were rightfully closed and without giving, as well as refusing, respondents the opportunity to prove the allegations contained in their return and to disprove the allegations

contained in relator's motion for a writ of mandamus.

"(17) Whether the court erred in denying the motion of respondents on file that the case be assigned for trial and hearing had.

"(18) Whether the court erred in decreeing a peremptory mandamus without a prior interlocutory judgment of alternative mandamus.

"(19) Whether the court erred in rendering judgment of peremptory mandamus before a complete trial of the issues raised in respondents' return and relator's reply thereto.

"(20) Whether the court erred in issuing a peremptory mandamus on a return sufficient on its face and denied by the relator without inquiring into the truth of the return, but on the contrary denying respondents the right of proving the truth of their return.

"(21) Whether the court erred in treating the respondents' stipulation that all the evidence at the preliminary hearing might be considered as a part of the record in this action as a foreclosure of their rights to offer further evidence in the cause."

The respondents moved to correct the finding filed by the court by adding paragraphs fifty-two, fifty-three, fifty-four, fifty-five, fifty-six and fifty-seven of the draft-finding and accompanied their motion by a copy of what they allege was the material evidence in support of these paragraphs. The facts contained in these paragraphs were essential in making applicable respondents' claims of law which have just been quoted. The evidence submitted fully supports these paragraphs of the draft-finding. No evidence to the contrary was submitted by the relator and none by the court. We therefore correct the finding by adding the substance of the paragraphs as follows:

The hearing on the application was as to whether a

writ of alternative mandamus should issue. At its beginning counsel for the respondents expressly stated this to be his understanding. No alternative writ had been issued prior to this hearing and none was issued during its progress. Counsel for the respondents asserted that the time had not arrived for him to make a return to the alternative writ, "which may be or may not be issued." Counsel for the relator disclaimed his purpose to have the respondents then file a return, saying that he might do that later, and that all he desired was to have him admit certain of the allegations of the application in order to speed up the hearing. In response to the court, counsel for the respondents expressed his willingness to admit certain allegations of the motion for the purposes of the hearing on the motion. Thereupon he admitted paragraphs one, two, three, four, six, twelve, thirteen and fifteen of the motion.

It thus appears that no alternative writ was issued until after the hearing was completed and the decision rendered thereon on June 18th. It is true the judgment recites that an alternative writ had been issued prior to the hearing on May 28th and that respondents made on this hearing return to the alternative writ "as on file." This is plainly a mistake. There was no alternative writ then on file and no return was then made.

What purports to be a peremptory writ was issued on June 18th. It was in fact an alternative writ. A judgment rendered on the granting of an alternative writ is a nullity. No judgment could be rendered in a motion for a mandamus until the peremptory writ issued. The procedure upon motion for a mandamus is well defined. We have recognized in an earlier time that the motion might ask for a rule to show cause or an alternative mandamus. The practice has settled

upon the latter method. The court issues the alternative writ, either upon notice to the respondent or not, at its discretion, and upon such evidence, oral or written or by affidavit as it may determine. The alternative writ when issued takes the place of the complaint or declaration. When served upon the respondent he must appear as stated in the writ or in an accompanying rule to show cause and then duly plead to the writ; if the writ be abatable by a plea in abatement, if insufficient in law by a motion to quash, if neither plea in abatement nor motion to quash be filed the respondent must make return to the writ as in the case of an answer to any pleading. If the court, after hearing had, issues the alternative writ the respondent may comply with its terms or refuse to comply and contest its issuance to the point of a hearing on whether the peremptory writ should issue.

"In an application for a mandamus, the alternative writ serves the same purpose as the complaint in an ordinary action," etc. "The return made to an alternative writ of mandamus stands in the place of an answer in ordinary pleadings," etc. *Williams, State's Attorney,* v. *New Haven,* 68 Conn. 263, 270, 36 Atl. 61; *Lyon* v. *Rice,* 41 Conn. 245, 248; High, Extraordinary Legal Remedies, §§ 449, 502, 529; 2 Spelling, Injunction and other Extraordinary Remedies (2d Ed.) §§ 1677, 1678, 1680, 1683, 1688, 1710.

In the present action on a motion for an alternative mandamus a peremptory writ has been issued, before the respondents had an opportunity to see the alternative writ, and to determine whether they should comply with it, or contest its sufficiency by a motion to quash, or meet its facts by a return. The irregularity of this procedure is manifest. Three days after the decision upon the motion for an alternative writ and the judgment-file made up as of that day, the respond-

ents moved the court to assign the case for trial and assigned among their reasons the substance of the paragraphs of the draft-finding which they asked to be made a part of the finding and which we have granted. It was reversible error not to have granted the motion.

The respondents request other corrections of the finding which purport to explain why the paper marked "Return" appears in the file. The conclusions reached make it unnecessary to consider these additional corrections. Since the judgment is a nullity and the respondents have never had an opportunity to be heard in the Superior Court upon the alternative writ or upon their return to such a writ we do not pass upon the other reasons of appeal.

There is error, the judgment is reversed and the cause remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred.