## STATE EX REL. ANTHONY R. CAMPO *v.* STANLEY H. OSBORN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued December 5, 1939—decided January 3, 1940.

*W. F. D. Kilpatrick,* for the appellant (plaintiff).

*Harry L. Brooks,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

AVERY, J. On August 11, 1938, the Superior Court issued an alternative writ of mandamus for the plaintiff, Anthony R. Campo, requiring the defendant, commissioner of health, to forthwith "allow the rela-

tor to practice medicine, surgery and obstetrics . . . under the laws of this state" and "to deliver to [the plaintiff] his certificate of registration to practice . . . in Connecticut, and thereby comply with Section 2855 of the General Statutes, Revision of 1918" or "signify cause to the contrary to the Superior Court." To this writ the defendant filed a motion to quash upon the grounds (1) that the plaintiff was guilty of laches; (2) that he did not come into court with clean hands; and (3) that the application was predicated upon the same facts and presented the same questions of law as had theretofore been presented for the consideration of the Superior Court and the Supreme Court of Errors, where decisions had been rendered adverse to the claims of the plaintiff. The plaintiff then moved for a peremptory writ of mandamus, to which the defendant filed an answer and the parties were heard by the court upon the defendant's motion to quash and the plaintiff's motion for a peremptory writ. The court granted the defendant's motion to quash, and denied the plaintiff's motion for a peremptory writ of mandamus and entered judgment accordingly, and the plaintiff has appealed. The motion to quash largely consisted of affirmative allegations of fact. Such a motion is equivalent to a demurrer, is to be determined upon the facts alleged in the alternative writ, and affirmative facts should not be stated in it. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 611, 132 Atl. 30. It was, however, treated upon the trial and before us as being in effect a return which stands in the place of an answer in ordinary pleadings. *Alcorn, State's Attorney, ex rel. Standard Oil Co.* v. *New Britain,* 111 Conn. 214, 218, 149 Atl. 677. We shall, therefore, treat the motion as the parties have done, as serving the function of an answer.

The facts of the case are these: The plaintiff gradu-

ated from the St. Louis College of Physicians and Surgeons with the degree of doctor of medicine on June 2, 1921. In the same year, he was examined by the Connecticut eclectic medical examining board and, through the corruption of the secretary of the board, collusion on the part of others, and false swearing upon his own part, he was certified by the board as having passed the examination and as qualified to practice; and in December of that year a certificate of registration to practice was issued to him and he continued to practice thereafter until some time in 1927. In 1923, in consequence of a ruling by the attorney general, the plaintiff was required to take a second medical examination before the board on July 26th and 27th, and was again certified to the commissioner of health by the Connecticut eclectic medical examining board as qualified to practice medicine, surgery and obstetrics in Connecticut. The plaintiff has since paid the fee required for a certificate of registration but the commissioner of health has refused to issue the same.

In January, 1924, the plaintiff's license to practice medicine was revoked by the state department of health. From this action the plaintiff took an appeal to the Superior Court and from an adverse decision in that court appealed unsuccessfully to this court. *Campo* v. *State Department of Health,* 108 Conn. 82, 142 Atl. 476. The reason for the revocation of his license was because it had been procured by fraud. Graduates of the St. Louis College of Physicians and Surgeons passed examinations and obtained certificates to practice in this state through fraud and collusion with the secretary of the Connecticut eclectic medical examining board, and the applicant knowingly participated in the fraud when he obtained his license to practice in 1921 and when he was again examined

in 1923. The conditions obtaining in the St. Louis College of Physicians and Surgeons are set forth in considerable detail in *Brein* v. *Connecticut Eclectic Medical Examining Board*, 103 Conn. 82, 130 Atl. 289, and need not be here repeated. It appears, however, in the finding in *Campo* v. *State Department of Health*, supra, that the fact that the plaintiff took a second examination in 1923 was before the court in the trial of his case and the action of the state department of health in revoking his license in 1924 was upheld notwithstanding the second examination. 337 Supreme Court Records & Briefs, pp. 86, 111. The educational background of the plaintiff was no different in 1923 than it had been in 1921. It is nowhere suggested that when he took the second examination he had any other or different educational qualifications than those obtained upon his graduation from the St. Louis College of Physicians and Surgeons in 1921. The plaintiff now claims the right to have a certificate of registration to practice by virtue of the examination which he took in 1923.

The Superior Court can take judicial notice of the files and records in another suit formerly pending in that court between the parties. *McCleave* v. *Flanagan Co.*, 115 Conn. 36, 38, 160 Atl. 305; *Davis* v. *Maislen*, 116 Conn. 375, 384, 165 Atl. 451. The files of the Superior Court may be the subject of judicial notice by this court in its discretion. *McCleave* v. *Flanagan Co.*, supra, 39. From the files of the Superior Court, it appears that in April, 1936, this plaintiff brought an application against the state department of health to the Superior Court in Fairfield County, the allegations being in substance the same as the case now before us, and the plaintiff claimed in that case a right to a certificate of registration because of the examination taken by him in 1923. The case

was determined upon its merits and judgment entered dismissing the writ, June 9, 1936. An appeal was taken to this court and dismissed for want of prosecution, April 6, 1937. It is a settled principle that a judgment in a former action between the same parties and upon the same cause of action is conclusive upon the parties to a subsequent action as to every question which was or might have been presented or determined in the former action. *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 236, 167 Atl. 715; *Lehrman* v. *Prague,* 115 Conn. 484, 490, 162 Atl. 15, and cases cited. This principle applies to mandamus actions. *Corcoran* v. *Chesapeake & Ohio Canal Co.,* 94 U. S. 741, 744; *Louis* v. *Brown Township,* 109 U. S. 162, 167, 3 Sup. Ct. 92. It follows that the plaintiff is precluded by the former judgments from again relitigating the questions determined when his license was revoked.

There is no error.

In this opinion the other judges concurred.