STATE OF CONNECTICUT EX REL. JULIUS HANSEN *v.* CHARLES F. SCHALL ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued March 7—decided April 16, 1940.

*William L. Hadden,* with whom was *Walter E. Cronan,* and, on the brief, *Clarence A. Hadden,* for the appellants (defendants).

*Joseph Shelnitz,* for the appellee (plaintiff).

BROWN, J.  The plaintiff is and long has been an inhabitant, elector, and taxpayer of West Haven.  The defendant Scranton is clerk of its board of selectmen and of its board of finance.  The other defendants are members of one or both of these boards.  Number 189 of the Special Laws of 1917 makes the clerk custodian of the books, papers, and documents of both boards, and provides that these shall be open to the inspection of any inhabitant of the town at any reasonable time.  On April 12, 1939, the plaintiff by letter requested the boards to permit him and Murphy & Company of New Haven as his agent, to inspect their books, papers, and documents kept for them by the defendant Scranton as clerk.  Murphy & Company, the agent mentioned, is owned by a man who was not an inhabitant of West Haven.  Permission to inspect was granted to the plaintiff himself, but was denied as to his designated agent.  Thereafter, pursuant to the plaintiff's complaint setting forth these facts, the court on May 25, 1939, issued an alternative writ of mandamus against the defendants enjoining them on or before May 29, 1939, to "permit Julius Hansen, or the agency of his choice to inspect the books, papers and documents

. . . or show cause to the contrary. . . ." The defendants filed their return, and after hearing, the court filed its memorandum of decision on June 28, 1939, concluding with these words: "Therefore, the relator is entitled to the relief he seeks. Unfortunately, the alternative writ is somewhat uncertain in its terms and, in my judgment, should be amended. If counsel will arrange to be present in court on any day within the week, an opportunity to amend will be granted. In the meantime, no further action will be taken as to the entering of judgment." Pursuant to this suggestion, on July 5, 1939, the plaintiff's petition to amend his complaint was granted, and the court made a corresponding amendment, to be retroactively operative, of the alternative writ, by changing the words above quoted to read "permit Julius Hansen, and the firm of Frank J. Murphy & Co. of New Haven, Connecticut, as the agent of Julius Hansen, to inspect the books, papers and documents," etc. The same day judgment was entered for the plaintiff, finding that a peremptory writ of mandamus should issue, and ordering the defendants in the words last quoted, to permit the plaintiff and his agent to inspect the records.

The defendants contend that the words of the alternative writ as originally issued requiring them to "permit Julius Hansen, or the agency of his choice to inspect the books," allowed them to choose to permit the plaintiff himself to make the inspection, that they did so choose, and therefore, since they thus obeyed the command, the judgment in mandamus should not have been entered against them. If the court was warranted in amending the alternative writ, no ground remains to support this argument. In this action the alternative writ stood in the place of the complaint in an ordinary civil action, and the return in place of an answer. *Alcorn, State's Attorney, ex rel. Standard Oil Co.* v.

*New Britain,* 111 Conn. 214, 218, 149 Atl. 677; *In the Matter of Gilhuly's Petition,* 124 Conn. 271, 282, 199 Atl. 436. It thus appears that the amendment of the petition and of the alternative writ was in the nature of an amendment of the prayers for relief of a complaint. Very properly these stood undenied by the return. No issue of fact was raised thereby, and so no question of any right in the defendants to present further evidence is involved, as was the case in *Alcorn, State's Attorney, ex rel. Standard Oil Co.* v. *New Britain,* supra, relied on by the defendants. The sole vital issue presented before as well as after the amendment, was whether the plaintiff was entitled to an inspection of the books by one as his agent who was not an inhabitant of West Haven. As is evident from the finding, which is not attack, it was shown at the trial that the Murphy Company named in the amendment was this agent and was the only agent proposed by the plaintiff from the time of his first request addressed to the defendants. Since it appears that the defendants were misled in no material respect by the omission in the alternative writ of the allegation which the amendment supplied, that they were not prejudiced in making their defense by the amendment made, and that no new issue was thereby presented, no change in the form of the action or of the ground on which relief was claimed being involved, the court in the exercise of its discretion did not err in permitting the plaintiff to amend the petition and in amending the writ as it did. *Brainard* v. *Staub,* 61 Conn. 570, 577, 24 Atl. 1040.

The defendants further claim that since No. 189 of the Special Laws of 1917, by virtue of a provision of which the court granted the plaintiff relief, makes the clerk of the boards of selectmen and finance the custodian of all their books, papers and documents, judgment of mandamus cannot issue in the absence of an

allegation in the alternative writ and of a finding by the court that the defendant Scranton as clerk was ever requested to permit any examination of the books in his charge, or ever refused such permission. The claim is also made that by reason of this provision, judgment cannot issue against any of the defendants other than Scranton, since the custody was not in them. The defendants cannot escape judgment upon any such technicality. By the terms of the special act it appears that while the clerk is designated custodian, the records are specifically referred to as belonging to the boards. The act further provides for the biennial appointment by the selectmen of the clerk of the board of finance who shall be also clerk of the board of selectmen; specifies various stated duties which he is to perform for both boards, and that "he shall also perform such other duties incident to his office as the board of finance or the board of selectmen shall direct"; and gives the selectmen the power to fix his salary and to fill the vacancy in case of his resignation or death. Thus while the statute names the clerk custodian of the records belonging to both boards, it also makes clear that as a practical matter this custody as exercised is subject to the control of the two boards under which he serves. Accordingly, while it is alleged in the alternative writ and found by the court that the defendant Scranton "by virtue of" the special act "is custodian" of the records, it is further alleged and found that on April 12, 1939, the plaintiff "duly asked permission" of the boards to inspect these records "kept by the defendant Elmer E. Scranton as clerk aforesaid." Notification of the denial of this request was contained in a letter signed by the "Town Counsel," and the allegations above quoted are admitted by a return in which all the defendants joined. Under these circumstances neither the claim that no sufficient request

was made of Scranton for permission to inspect, nor that the other defendants had no custody warranting judgment against them, can prevail. *Bolton* v. *Mc-Kelvey,* 247 Pa. St. 585, 588, 93 Atl. 613; *State ex rel. Bowe* v. *Board of Education of Fond du Lac,* 63 Wis. 234, 239, 23 N. W. 102; *Hooper* v. *Farnen,* 85 Md. 587, 600, 37 Atl. 430; *People ex rel. Bajohr* v. *Weber Co.,* 159 Ill. App. 588, 590.

The defendants' fundamental and final claim requiring consideration calls for the determination whether under No. 189 of the Special Acts of 1917, the plaintiff as an inhabitant of West Haven has the right to an inspection of the records by his agent who is a noninhabitant. "As a general proposition every person who is sui juris may appoint an agent for any purpose whatsoever; and this is no less true when he assumes to exercise a statutory right than it is in other cases." 2 Am. Jur. 19, § 11. Thus the general rule applicable to acts done under a statute, as much as to any other class of acts, is that "whatever a person may lawfully do, if acting in his own right and in his own behalf, he may lawfully delegate to an agent." 1 Mechem, Agency (2d Ed.) § 80; *Jackson & Co.* v. *Napper,* L. R. 35 Ch. Div. 162, 172; *Hawes* v. *White,* 66 Me. 305, 306; *Finnegan* v. *Lucy,* 157 Mass. 439, 32 N. E. 656; *McClanahan* v. *Breeding,* 172 Ind. 457, 88 N. E. 695. However, "an authority which is conferred, or a duty which is created by statute, may, by the express terms or necessary effect of the act, be required to be performed by the person only who is named . . . the language of the statute, the end to be accomplished, or the evil to be remedied, may be such as to demand a personal execution." 1 Mechem, supra, §§ 124, 125. "In order to make out that a right conferred by statute is to be exercised personally, and not by an agent, you must find something in the act, either by way of ex-

press enactment or necessary implication, which limits the common law right of any person who is sui juris to appoint an agent to act on his behalf." *Jackson & Co.* v. *Napper,* supra; and see *Webb* v. *Ambler,* 125 Conn. 543, 552, 7 Atl. (2d) 228.

Testing the act in question by these principles, nothing appears to negative the plaintiff's right to the examination thereunder by an agent not an inhabitant of West Haven. No express prohibition is contained in it nor is such its necessary effect. Its sole provision pertinent to the present inquiry is: "All books, papers and documents kept by such clerk shall be open to the inspection of any inhabitant of said town at any reasonable time." All the others relate to the appointment and duties of the clerk. The plain purpose of the language quoted is to assure to any person having the potential interest implicit in being an inhabitant of the town, the right to inspect these records to ascertain how the business of the town is being conducted and its money expended. It is to assure him of the right to acquire such information as this course may afford, and contains nothing to suggest by implication or otherwise that in so doing he may not resort to the employment of any qualified third person as his agent in carrying out this purpose. Therefore, in the absence of anything requiring a personal execution of this right, while significance does attach to the place of residence of the plaintiff, it does not to that of his agent.

The defendants' claim that § 69c of the Cumulative Supplement of 1935 providing for an annual town audit, was effective to repeal the special act in question, or at least rendered it incumbent on the plaintiff to show failure to comply therewith as a condition precedent to the relief sought, is without merit. The same is true of their claim that certain allegations and proof,

requisite in a mandamus proceeding to enforce a right at common law, are essential in this action where the right of inspection is expressly accorded the plaintiff by statute. The plaintiff's right under the statute is not qualified, but absolute, although if it should appear that the right was to be asserted contrary to the public interest, the court might refuse its aid in mandamus proceedings. *State ex rel. Costelo* v. *Middlesex Banking Co.,* 87 Conn. 483, 486, 88 Atl. 861. The duty imposed by the statute involves no discretion, but calls for a purely ministerial and definite act. It is therefore properly subject to mandamus. *American Casualty Ins. & Sec. Co., Inc.* v. *Fyler,* 60 Conn. 448, 459, 22 Atl. 494; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 617, 132 Atl. 30; *In the Matter of Gilhuly's Petition,* supra, 277.

There is no error.

In this opinion the other judges concurred.