MICHAEL C. VARANELLI *v.* MARY E. SULLIVAN LUDDY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued April 3—decided May 3, 1945.

*U. G. Church,* for the appellant (defendant).

*Harry M. Albert,* with whom was *Michael V. Blansfield,* for the appellee (plaintiff).

MALTBIE, C. J. The facts out of which this controversy arises were fully stated in our decision when the case was previously before us. *Varanelli* v. *Luddy,* 130 Conn. 74, 32 Atl. (2d) 61. It will suffice for present purposes briefly to summarize them. Mrs. Luddy, the defendant, obtained judgment for damages against

Varanelli, the plaintiff, in the City Court of Waterbury and caused the filing of a judgment lien on certain land Varanelli owned. Later she brought an action to foreclose that lien. On the file of the case appeared the entry: "Judgment for plaintiff to recover $92.18 and costs. Law day December 29, 1939." The judgment file, however, simply gave judgment for Mrs. Luddy to recover damages and costs. The amount found due was not paid and, subsequent to December 29, 1939, Mrs. Luddy's attorney caused a certificate of foreclosure to be filed. Varanelli moved to have the judgment opened and the law day extended, but the motion was denied on the ground that, as the law day had passed, it was too late to grant the relief asked. Varanelli then brought this action to the Superior Court seeking to have a declaration that the certificate of foreclosure was void and that the title to the land was in him. Mrs. Luddy subsequently made an application to the City Court to have the judgment file in the action brought to foreclose the lien corrected to show that it was one for the foreclosure of that lien. The City Court denied the application "without prejudice" on the ground that the claimed error in drawing up the judgment file was one in substance and, as the term of court at which the judgment was rendered had expired, no correction could be made. No appeal was taken from that ruling. Mrs. Luddy thereafter made an application in the action in the Superior Court in the nature of a writ of mandamus, praying that the judge and clerk of the City Court be ordered to show cause why an order should not be made directing them to correct the judgment file. Certain proceedings not necessary to relate then followed and judgment was finally rendered in favor of Varanelli. Mrs. Luddy took the appeal which was previously before us.

We held that the judgment rendered in the City Court in the action based on the lien was in fact one for its foreclosure; that the error in the judgment file was a clerical one which the City Court should have corrected, but that the judgment file was conclusive evidence of the judgment rendered unless and until it was corrected; that the Superior Court in this action had authority to issue a writ of mandamus to direct the correction to be made; and that the denial of the motion in the City Court to have the judgment file corrected, from which no appeal was taken, was a proper basis for a plea of res adjudicata as regards Mrs. Luddy's right to have the correction made, but that the pleadings in this case, then before the court, were not such that Varanelli could take advantage of that fact. We found error and remanded the case to be proceeded with according to law. Practically, our judgment meant that Mrs. Luddy could not maintain the position that she was entitled to the property as the result of a judgment of foreclosure unless she could secure a correction of the judgment file in the City Court and that to any attempt to secure that correction the denial of her motion in the City Court that it be made would be a defense on the ground of res adjudicata, if properly pleaded.

Of the subsequent proceedings, it is only necessary to refer to the final steps, which culminated in the present appeal. The defendant filed another application for a writ of mandamus directed to securing an order that the judgment file of the case in the City Court be corrected to constitute a judgment in foreclosure, and she attached to the application a request for a rule to show cause why the court should not issue the writ, directed to the former judge of that court, who was in office when the judgment was rendered, and its clerk. No rule to show cause was ordered

by the trial court. The only further action taken was a motion by Varanelli to quash the application upon the ground of a recital in it that Mrs. Luddy had made the motion in the City Court for the correction of the judgment file and that it had been denied. In that connection we note that Mrs. Luddy now makes a claim not presented on the former appeal: that Varanelli, by his motion that the judgment be opened and the law day extended, waived the defect in the judgment file. Other considerations aside, as that motion was made before Mrs. Luddy's motion to correct the judgment file and was a part of the record of the case, it was necessarily involved in the ruling of the trial court denying the correction, and the claim could not be again raised in connection with the present proceeding. *Huntley* v. *Holt,* 59 Conn. 102, 106, 22 Atl. 34; *Scott* v. *Scott,* 83 Conn. 634, 638, 78 Atl. 314. The trial court granted the motion to quash. Mrs. Luddy filed an appeal to this court "from the judgment" of the trial court.

Most of the difficulties presented in this case have arisen out of the failure to follow proper procedure in presenting the issues to the court for determination. The present appeal illustrates that fact. Probably the shortest way to reach an end to this litigation is to restate the procedure in mandamus as outlined in our decisions. *State ex rel. Standard Oil Co.* v. *New Britain,* 111 Conn. 214, 217, 149 Atl. 677; *In the Matter of Gilhuly's Petition,* 124 Conn. 271, 282, 199 Atl. 436; *State ex rel. Campo* v. *Osborn,* 126 Conn. 214, 215, 10 Atl. (2d) 687; *State ex rel. Hansen* v. *Schall,* 126 Conn. 536, 538, 12 Atl. (2d) 767; *State ex rel. McCarty* v. *Thim,* 130 Conn. 710, 712, 37 Atl. (2d) 223. Upon an application to the court for the issuance of the writ, it may or may not order a rule to show cause directed to the respondents named in it and to

other interested parties; the alternative writ is in itself an order to perform the act directed or to show cause to the contrary; ordinarily, therefore, no purpose is served by a rule to show cause issued on the original application for the writ; and it should be directed only when unusual circumstances suggest that the matter should be disposed of with all possible speed. If the court grants the application, the alternative writ issues. The respondent must then perform the act directed or appear and show cause why he does not do so, by proper pleading. The alternative writ is the equivalent of the complaint in an ordinary action and all subsequent pleadings must be addressed to it. The respondent may plead in abatement to it; if he considers that as matter of law the alternative writ fails to state facts sufficient to entitle the plaintiff to the relief claimed, he may file a motion to quash, which is the equivalent of a demurrer in an ordinary action; if he desires to resist the order upon the basis of facts to be proved, he must file a return, which corresponds to the answer in an ordinary action.

The procedure in the case before us failed completely to follow the proper course. There was no need to issue a rule to show cause on the application for the writ. As no alternative writ issued, there was nothing to which to direct the motion to quash. Moreover, as the motion to quash is the equivalent of a demurrer, the ruling granting it was not a final judgment from which an appeal could be taken. *Martin* v. *Sherwood,* 74 Conn. 202, 203, 50 Atl. 564; *Costecski* v. *Skarulis,* 103 Conn. 762, 131 Atl. 398. Because of the fact last stated, we have no option other than to dismiss this appeal. *Young* v. *Polish Loan & Industrial Corporation,* 126 Conn. 714, 11 Atl. (2d) 395. In so doing we venture to express the expectation that, in view of what we have said above, the trial court

will speedily issue an alternative writ of mandamus and that Varanelli will so plead as to raise the decisive issue of res adjudicata, by a return rather than by a motion to quash addressed to the somewhat indefinite allegations in the application for the writ.

The appeal is dismissed.

In this opinion the other judges concurred.