Hugh M. Alcorn, Jr., State's Attorney ex rel. H. William Baum v. Stanley H. Osborn, Health Commissioner

Superior Court      Hartford County      File No. 76737

Memorandum filed June 26, 1946.

*Nathan Aaron* and *John Bailey,* both of Hartford, for the Plaintiff.

*William L. Hadden,* Attorney General, for the Defendant.

COMLEY, J. The relator applied for an alternative writ of mandamus requiring the respondent as state health commissioner to issue to him a certificate of registration to practice natureopathy or to show cause why it should not be issued. He alleges that he is a graduate of certain schools of natureopathy, chiropractics and physiotherapy; that he has been admitted and licensed to practice natureopathy in South Carolina and Florida; that on October 6, 1944, the Connecticut state board of natureopathic examiners granted his application for, and issued to him, a certificate of approval to practice natureopathy in this state; that he has since filed with the respondent this certificate of approval together with the required registration fee of $2; and that the respondent has wrongfully refused to issue to him a certificate of registration without which he cannot lawfully carry on his profession. It further appears that the certificate of approval obtained by the relator from the board of natureopathic examiners was issued under the provisions of § 2770 of the General Statutes as amended by §§ 1127c and 545g of the 1935, 1943 Supplements and which reads as follows:

"Said board may grant a certificate of approval without examination to any person who shall have been in active and continuous practice of natureopathy for three successive years immediately preceding the date of his application for such certificate in any other state in which he was licensed to practice natureopathy and who shall meet the educational and other requirements provided for in section 2767 and shall satisfy the board as to his fitness to engage in such practice. .... Said board shall have power to enter into agreements of reciprocity with a board of natureopathic examiners in any other state whose requirements shall be equal to those of this state."

The alternative writ was issued and to it the respondent has filed a return containing a "Second Defense" which alleges that the relator's certificate of approval was issued by the board under an agreement of reciprocity with the board of natureopathic examiners of the state of South Carolina; that said agreement and the relator's certificate are "illegal and a nullity" because the requirements for licensing natureopathy in South Carolina are not equal to those in Connecticut; that there is no separate state board of healing arts in South Carolina, as there is in Connecticut, whose requirements, as well as those of the board of natureopathic examiners, must be met as a condition of the right to practice; and that educational qualifications prescribed in South Carolina are inferior to those demanded of applicants in Connecticut.

The relator has demurred to this "Second Defense" on the ground that the respondent has no right to question the certificate of approval issued by the board or to go behind that certificate in order to examine the conduct of the board in issuing it and that it is his ministerial duty, upon presentation of the certificate of approval, to issue the certificate of registration.

The respondent's duty is defined by § 2767 of the General Statutes, which provides that "Any person who shall have passed the examination before said board or shall have obtained a certificate of approval from said board shall, upon filing such certificates and statements as herein provided with the state department of health, receive from said department, upon the payment of two dollars, a certificate of registration, which certificate shall include a statement that the person named therein is qualified to practice natureopathy."

The machinery prescribed by our statutes for the admission of doctors to practice the several branches of the healing arts is detailed and precise. Over all the branches is the state board of healing arts as constituted by chapter 152 of the General Statutes. Every applicant for admission to practice any branch of the healing arts must first satisfy its requirements. He then must go to the board having jurisdiction over the particular branch to which he seeks admission and there are elaborate provisions as to the conduct of each board. Chap. 153 (medicine and surgery); Chap. 154 (osteopathy); Chap. 155 (chiropractic); and Chap. 156 (natureopathy). In each chapter appears a provision, identical with § 2767, that the applicant, upon- presenting to the department of health his certificate of approval from the board in his particular branch of the healing arts, together with a fee of $2, "shall" receive from said department a certificate of registration. See §§ 2747 (medicine and surgery); 2753 (osteopathy); 2757 (chiropractic); and 2767 (natureopathy).

It is difficult to see how, either in the letter or the spirit of these statutes, any discretion as to issuance of certificates of registration, is conferred upon the respondent. Complete jurisdiction over the qualifications for admission to practice, either with or without examination, is vested in the state board of healing arts and in the several branch boards. The delegation of such functions to these boards is valid. *Rosenthal* v. *State Bar Examining Committee,* 116 Conn. 409, 414.

In the absence of a clear delegation of power to the respondent to review and reverse the rulings of these boards, their actions are final, and the respondent has no discretion. The applicant has presented to him a certificate of approval together with the statutory fee and is, therefore, entitled to a certificate of registration. *State ex rel. Campo* v. *Osborn,* 126 Conn. 214; *State ex rel. Hansen* v. *Schall,* 126 Conn. 536.

If the facts set forth in the return are true it is, of course, unfortunate that the respondent is powerless to withhold the certificate but if the General Assembly has not seen fit to give him the power, it cannot be supplied by the courts.

In oral argument it was suggested by the assistant attorney general that the board of natureopathic examiners is acting with impropriety in enabling this applicant and others similarly situated to practice a branch of the healing arts in this state

and that the respondent's motive in withholding the certificate of registration is to prevent a repetition of the scandalous situation disclosed about twenty years ago in *Brein* v. *Connecticut Eclectic Examining Board*, 103 Conn. 65. If such is the case the respondent's zeal is to be commended, however misdirected it may be, for the public, and especially the afflicted in body or mind, need protection against those who are not qualified to practice. The respondent's remedy, however, must be sought in other directions.

The demurrer is sustained.