STATE EX REL. ROBERT S. PETTIGREW v. ARTHUR R. THOMPSON, TAX COMMISSIONER, TOWN OF WEST HARTFORD

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 79086

Memorandum filed July 16, 1947.

*Gordon & Cheney,* of Hartford, for the Plaintiff.

*Bill & Flynn,* of Hartford, for the Defendant.

COMLEY, J. The relator has obtained an alternative writ of mandamus requiring the defendant to certify that he is entitled to a refund of property taxes or to show cause to the contrary. The defendant has demurred to the writ. The demurrer raises a substantial question of law dealing with the right of an honorably discharged veteran to a tax exemption of $1000 upon real property which he purchased between the date of assessment of the property and the date when the tax became due and payable.

Although the relator has not raised the point the court feels that a demurrer is not a proper pleading to an alternative writ of mandamus. Section 5360 of the General Statutes provides that "The judges of the superior court . . . shall make such orders and rules as they shall deem necessary or advisable concerning the commencement of process and procedure in . . . mandamus . . ." No such rules have ever been promulgated. From early times, however, it seems to have been recognized in this state

that the proper pleading by which to test the legal sufficiency of the allegations in an alternative writ of mandamus is by motion to quash the writ.

In *Fuller* v. *Plainfield Academic School*, 6 Conn. 532, 544, the defendant sought to raise technical objections to the writ after he had filed his return. In pointing out that these objections came too late, the court said that "they should have been urged 'in limine' on a motion to quash." In *American Casualty Co.* v. *Fyler*, 60 Conn. 448, 459, the court said: "All formal objections to the writ must be taken by motion to quash . . . And objections to the substance may be so taken."

At this point in the development of our law it might have been argued that substantive objections to the sufficiency of the writ might be taken either by motion to quash or by demurrer. Following the *Fyler* case, however, it has been repeatedly held that the proper pleading to test the legal adequacy of an alternative writ is by motion to quash and that such a motion fills the office of a demurrer. *Brainard* v. *Staub*, 61 Conn. 570, 575; *State* v. *N. Y., N. H. & H. R. Co.* 71 Conn. 43, 47; *State ex rel. Waterbury* v. *N. Y., N. H. & H. R. Co.*, 81 Conn. 645, 653; *State ex rel. Comstock* v. *Hempstead*, 83 Conn. 554, 556; *State ex rel. Elliott* v. *Lake Torpedo Boat Co.*, 90 Conn. 638, 645; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 611.

The court in *Alcorn ex rel. Standard Oil Co.* v. *New Britain*, 111 Conn. 214, 218, undertook to restate our law concerning procedure in mandamus. It said:—"The alternative writ when issued takes the place of the complaint or declaration. When served upon the respondent he must appear as stated in the writ or in an accompanying rule to show cause and then duly plead to the writ; if the writ be abatable by a plea in abatement, if insufficient in law by a motion to quash . . ."

And finally in *Varanelli* v. *Luddy*, 132 Conn. 113, the court said:—"The alternative writ is the equivalent of the complaint in an ordinary action and all subsequent pleadings must be addressed to it. The respondent may plead in abatement to it; if he considers that as matter of law the alternative writ fails to state facts sufficient to entitle the plaintiff to the relief claimed, he may file a motion to quash, which is the equivalent of a demurrer in an ordinary action; . . ."

While none of these cases states in so many words that a demurrer to an alternative writ of mandamus is not a proper pleading it would seem clear that, as our practice has developed, a motion to quash has become the exclusive method of testing the legal sufficiency of the writ.

The demurrer is, therefore, overruled.