[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present proceeding arises out of an application CT Page 4091 for a prejudgment remedy seeking to attach personal property.
From a review of certain documents and a stipulation of facts presented by the parties the following factual scenario is determined. The plaintiff Northeast Savings ("Plaintiff") is the holder of a mortgage on property owned by James D'Amore, Sr. and Lucy D'Amore ("Owners"). Located on the subject premise is a nursing home operated by the defendant Prospect Hill Nursing Home, Inc. ("Defendant"). In the lease between the Owners and the Defendant, the defendant agreed to pay as rent an amount equal to monthly pro-rata charges for taxes, mortgage payments and all other expenses of the property.
In the mortgage agreement between the Plaintiff and the Owners, the plaintiff had the right and option to receive all rentals from the subject property upon default in the payment of the mortgage. Thereafter, the Owners defaulted in the payments on the mortgage. By letter dated July 19, 1991, the plaintiff notified the defendant of the Owner's default and the exercise of its option under the assignment of various leases and rental agreements. The plaintiff directed the defendant to forward the rental to it instead of paying it to the Owners. The defendant has neglected and refused to make such payments. The outstanding deficiency is substantially the same as the amount requested in the prejudgment remedy.
Thereafter, the plaintiff had instituted foreclosure proceedings in the Hartford Superior Court against the Owners and the defendant. In the foreclosure action the plaintiff in its prayer for relief sought the appointment of a receiver of rents. The plaintiff filed a Motion for Receiver of Rents but no action was taken on the motion.
In the present action the plaintiff seeks to recover from the defendant the non-payment of taxes and interest due on the mortgage as called for under the terms of the assignment agreement contained in the mortgage.
The defendant's position is that the mortgage foreclosure has gone to judgment; and that any claims for taxes and mortgage interest payments should have been resolved in the foreclosure action.
Thus the concept of res judicata should apply; and the plaintiff would be precluded from receiving a judgment against the defendant for its failure to forward the rental payments to the plaintiff. CT Page 4092
The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of actions and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. State ex rel Campo v. Osborn, 126 Conn. 214, 218, 10 A.2d 687
(1940); 46 Amer.Jurs.2d Judgments, Sec. 394, pp. 558-59. The doctrine is but a manifestation of the recognition that endless litigation leads to confusion or chaos. To prevent multiplicity of actions equity will impair further litigation of a cause of action which has already been adjudicated. Local 1219 v. Connecticut Labor Relations Board, 171 Conn. 342, 355,370 A.2d 952 (1976). If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the causes of action which were actually made or which might have been made. Bridgeport Hydraulic Co. Pearson, 137 Conn. 186,196, 91 A.2d 778 (1952); Wade's Dairy, Inc. v. Fairfield,181 Conn. 556, 559-60, 436 A.2d 24 (1980); Gennaire Construction Co. v. Messina Painting Decorating Co., 15 Conn. App. 504,510 (1988).
There is no doubt that the parties in both actions are the same; and the subject matter of both law suits include the same issues. There is no doubt that the issues of the rental payments and the assignment of them should have and could have been resolved in the foreclosure action. To allow the plaintiff to recover in the instant action would be contrary to the concept that there should be an end to litigation.
Accordingly, the application for prejudgment remedy is denied.
JOHN M. BYRNE JUDGE, SUPERIOR COURT